In the Matter of DANDY DRESS, INC., Petitioner.
RAE DRESS CO., INC., et al., Respondents.

Supreme Court, Special Term, New York County, October 14, 1942.

*Abraham Rotwein* for petitioner.

*Markowitz & Markowitz* for respondents.

PECORA, J. Petitioner moves to compel respondents to submit certain controversies to arbitration. There is no question here as to the existence of an agreement to arbitrate, nor as to the fact that the controversies are properly arbitrable under the contract. Respondents claim that petitioner has waived its right to compel arbitration. It appears that an action was brought by the respondent Acme, in December, 1939, in this court, upon a complaint alleging a single cause of action. Issue was joined by petitioner by the service of an answer containing denials, set-offs and a counterclaim. No request for arbitration was embodied in the answer, nor was any made subsequent to its service. However, an amended complaint was served in April, 1942, wherein two additional causes of action were set forth. Thereupon petitioner interposed an answer which did not contain the defense of the right to arbitration. But within twenty days thereafter petitioner served an amended answer as a matter of right, in which it included that defense.

When defendant (petitioner) answered the original complaint and took part in further proceedings in the action, without pleading the right to arbitration, there was a waiver of that right as to the first cause of action. (*Matter of Zimmerman* v. *Cohen*, 236 N. Y. 15; *Nagy* v. *Arcas Brass & Iron Co.*, 242 N. Y. 97.) But when plaintiff served an amended complaint containing two new causes of action based upon factual situations not presented in the first cause, the amended complaint superseded the original complaint. Petitioner may have acquiesced in

plaintiff's refusal to arbitrate as to the sole cause of action pleaded in the original complaint. However, until the two new causes of action were pleaded in the amended complaint, petitioner was not afforded any opportunity to indicate its choice to arbitrate them. Until the amended complaint was served, the defendant could not "accept or decline the invitation tendered" by plaintiffs. (See *Matter of Haupt* v. *Rose,* 265 N. Y. 108; *Oklahoma Publishing Co.* v. *Parsons & Whittemore, Inc.,* 255 App. Div. 589.)

I therefore hold that in failing to ask for arbitration as to the original complaint, petitioner did not waive its right to seek arbitration as to the new causes of action alleged in the amended complaint. Furthermore, the petitioner preserved its right to ask for arbitration when it pleaded such defense in the amended answer to the amended complaint, which was served as a matter of right, even though the original answer to the amended complaint failed to contain such a defense. (*Short* v. *National Sport Fashions, Inc.,* 264 App. Div. 284.) No question of severing the first cause of action from the remaining causes arises here, because the parties in open court upon the argument of this motion orally agreed that either the entire case should remain here or should go to arbitration.

The motion to compel arbitration is granted. Settle order.