In the Matter of the Arbitration between NATHAN R. GOODMAN, Respondent-Appellant, and BENJAMIN LAZRUS, Appellant-Respondent.—

The contract provides for arbitration pursuant to the Laws of the State of New York of "any dispute arising out of this agreement." The issues raised in the second and third defenses relating to oral cancellation of the agreement, waiver of written notice thereof, abandonment, suspension and estoppel, raise no question as to the making of the agreement (Civ. Prac. Act, § 1450). Consequently, these issues lie exclusively within the jurisdiction of the arbitrators pursuant to the contractual provision (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, 80; *Matter of Minkin* [*Halperin*], 279 App. Div. 226, 233, affd. 304 N. Y. 617; see, also, *Matter of Exercycle Corp* [*Maratta*], 9 N Y 2d 329). Even if it be assumed that the issue of oral cancellation and waiver of written notice of termination could not be determined in an action at law since the contract provides only for written notice and also specifically prohibits oral changes or additions (Personal Property Law, § 33-c), nevertheless, the arbitrators, in reaching their determination, may disregard the strict and traditional rules of law (*Fudickar* v. *Guardian Mut. Life Ins. Co.*, 62 N. Y. 392, 399–400; Sturges, Commercial Arbitration and Awards, pp. 793–798 [1930]; cf. *Matter of Grayson-Robinson Stores* [*Iris Constr. Corp.*], 8 N Y 2d 133; *Matter of Staklinski* [*Pyramid Elec. Co.*], 6 N Y 2d 159; *Matter of Ruppert* [*Egelhofer*], 3 N Y 2d 576). Therefore, there is no reason why respondent should be prohibited, in the first instance, from raising this issue before the arbitrator. Concerning the alleged illegality of this contract, it is asserted that it is an agreement to *evade* United States Customs duties in the importation of watches assembled in the Virgin Islands. Examination of the agreement discloses no patent illegality (*Matter of Gale* [*Hilts*], 262 App. Div. 834). The agreement, on its face, neither calls for performance which is prohibited by statute nor which is contrary to existing public policy "as reflected in a legislative act" (*Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329, 355, *supra*). The only issues raised by this defense are those relating to the interpretation of the agreement and the performance required thereunder, which necessarily must fall within the exclusive jurisdiction of the arbitrator under this arbitration clause (*Matter of Exercycle Corp.* [*Maratta*], *supra*; *Matter of Paloma Frocks* [*Shamokin Sportswear Corp.*], 3 N Y 2d 572; *Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, *supra*). Consequently, unless it can be said that performance is barred by statute as a matter of law (*Matter of Kramer & Uchitelle* [*Eddington Fabrics Corp.*], 288 N. Y. 467), arbitration may not be stayed. Moreover, to hold otherwise would mean a court determination of the issues relating to the interpretation and performance of the contract and a weakening of the broad public policy favoring arbitration (*Matter of Ruppert* [*Egelhofer*], 3 N Y 2d 576, *supra*). Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.