Louis B. Heller, J.
In this action seeking to recover an alleged balance for work, labor and services, for an account stated and upon a guarantee of payment executed by the individual defendant, the defendants move for an order compelling the plaintiff to arbitrate the differences existing between the parties and staying the action instituted by the plaintiff. Plaintiff cross-moves for an order staying arbitration and directing that the action be continued. Briefly the facts reveal that the action was commenced against the corporate" defendants on March 4, 1964 and against the individual defendant on April 23, 1964. The defendants were given until June 3d to serve their answers. During this period the demand for arbitration was served upon the plaintiff on June 2, 1964, and this proceeding instituted by the defendants.
It is contended by the plaintiff that the defendants had, by stipulating to answer the complaint heroin and by having “ attempted on two occasions to commence an action in the Supreme Court, New York County,” against the plaintiff, waived their right to arbitration.
*793 With this contention the court is not in accord. The rule to be drawn from the authorities is that whether the participation in an action is a waiver of the right to arbitration depends on whether the participation demonstrates an intention to abandon such right. A defendant, if he takes an active part running for an extended period of time in the action and who also requests affirmative relief going to the merits of the arbitrable claim, may be held to have lost his right to arbitrate (Matter of Zimmerman v. Cohen, 236 N. Y. 15; Ted Stoppick & Co. v. Ernest Glick Co., 110 N. Y. S. 2d 850). However, a party cannot reasonably be deemed to have waived a remedy unless he seeks others, knowing that they are exclusive (Matter of United Paper Mach. Corp. [Di Carlo], 19 A D 2d 663).
Nowhere from the facts presented can it affirmatively be stated that the defendants so participated in the instant action as to demonstrate an intention to abandon their right of arbitration provided for by the contract. Nor can it be said that such intent is established merely from the equivocal statement by the plaintiff that the defendants attempted to commence two actions, without further proof, particularly where it is denied by the defendants and no complaints were ever served indicating the nature of the attempted actions.
As to the relief requested by the individual defendant, it has been held that even though he is not a party to the contract of arbitration the court in its discretion may stay an action in order to avoid the simultaneous prosecution of an action and an arbitration proceeding where both involve the same controversies (Lake Beechwood Country Club, Inc. v. Peekskill Manor, 2 A D 2d 865; Flash v. Goldman, 278 App. Div. 829).
Accordingly defendants’ motion is granted and plaintiff’s motion denied.