■ ARMCO STEEL CORP., Appellant, v. RENAGO CONSTRUCTION, INC., Respondent.— Order unanimously modified in accordance with the memorandum herein, and as so modified affirmed, with costs to respondent. Memorandum: Pursuant to a written contract appellant agreed to perform certain work and furnish supplies necessary for the installation of sewer pipe casing in respondent's project. The agreement contained a broad arbitration clause submittting to arbitration " Any controversy or claim arising out of or relating to this contract ". Upon completion of the work a dispute arose which the parties purported to settle by oral agreement. Subsequent thereto appellant

commenced an action in the Syracuse City Court for an alleged claim of $665. Respondent answered asserting an affirmative defense and demanded a jury trial. Neither party asserted its right to arbitration. Thereafter, respondent served appellant with a notice of intention to arbitrate a claim for $43,855 resulting from appellant's alleged negligence in performing its obligations under the original contract. Appellant's application for a stay of arbitration on the ground of waiver was denied by Special Term and appellant was directed to proceed to arbitration; the City Court action was stayed and was ordered included with the larger claim in the arbitration proceedings. We concur with the denial of appellant's application for a stay of arbitration of the larger claim, for the contract expressly intended "that all acts of the parties subsequent to the making of the contract which raise issues of fact or law, lie exclusively within the jurisdiction of the arbitrators" (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, 80; see, also, *Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329, 336, 337). The parties, however, clearly waived their right to arbitrate the City Court claim, for their acts in connection therewith "were clearly inconsistent with the defendant's later claim that the parties were obligated to settle their differences by arbitration" (*Matter of Zimmerman* v. *Cohen*, 236 N. Y. 15, 19). The order should be modified by striking therefrom the direction that the issues pending in City Court should be included in the arbitration proceedings. However, further proceedings in the City Court action should be stayed until the completion of the arbitration proceedings, for the resolution of the arbitrable claim may well dispose of the small City Court controversy. (Appeal from order of Onondaga Special Term, denying stay of arbitration.) Present — Goldman, P. J., Witmer, Gabrielli, Bastow and Henry, JJ.