Jasen, J.
In this proceeding to stay arbitration of certain disputes between shareholders of a close corporation, the issue is whether by commencing several actions against other parties to the shareholders’ agreement on causes arising therefrom, the respondent waived his right to arbitrate different issues arising under the same agreement.
In April, 1970, the parties executed a shareholders’ agreement defining certain rights and obligations of the shareholders of 3 Mitchell PL, Inc., a corporation which owns and operates the Beekman Tower Hotel in Manhattan. The agreement contains a broad arbitration clause providing that “ Any claims, difference, dispute or question of interpretation ” arising thereunder shall be determined solely by the rules of the American Arbitration Association. In May, 1970, petitioners proposed a management agreement for operation of the Beekman providing for payment of 13% of gross revenues to a management corporation wholly owned by petitioners. On May 14, respondent demanded arbitration. The American Arbitration Association issued a notice of hearing which commenced January 25, 1971.* *310 "While arbitration was pending, on January 4, 1971, respondent, by order to show cause, commenced an action for a declaration of rights and an injunction against the making of a mortgage loan by the corporation as violative of the shareholders’ agreement. In February, 1971, respondent commenced a second action — a derivative action on behalf of 3 Mitchell PL, Inc., against petitioners seeking, inter alia, monetary relief resulting "from consummation of the mortgage loan sought to be enjoined in the first action. On July 30, 1971, the parties effected a “ truce ” agreeing to no further actions or arbitrations while reconciliation was sought. The “ truce ” broke down in November, 1971, and in January, 1972, respondent commenced a third (derivative) suit against petitioners for diversion of a corporate opportunity and the misuse of corporate funds. On March 10, 1972, two notices of intention to arbitrate were served upon petitioners. The first sought arbitration of respondent’s removal as a director allegedly in violation of the shareholders’ agreement. The second sought arbitration of nine claimed violations of the same agreement. This proceeding was then commenced to stay arbitration. Arbitration was stayed and a motion to dismiss the petition was denied. The Appellate Division, by a divided court, affirmed.
While the claims encompassed in the various arbitrations and actions brought by the respondent may have arisen from the shareholders’ agreement, it is not disputed that the claims are separate and distinct. As to the claims sought to be redressed in judicial proceedings, there can be no question but that the respondent has waived his right to arbitrate. (Matter of United Paper Mach. Corp. [Di Carlo], 14 N Y 2d 814; Matter of Zimmerman v. Cohen, 236 N. Y. 15; Ann., Waiver of Arbitration Provision in Contract, 117 A. L. R. 301, § II, subds. a, i, supplemented in 161 A. L. R. 1426, § II, subds. a, i.) But as to claims separate and distinct, no waiver of arbitration may be implied from the fact that resort has been made to the courts on other claims arising under a common agreement which remains in full force and effect. (See Armco Steel Corp. v. Renago Constr., 34 A D 2d 887, 888, mot. for lv. to app. den. 27 N Y 2d 483; cf. Par Plumbing Co. v. Oxford Hall Corp., 43 Misc 2d 792, 793; Matter of Dandy Dress [Rae Dress Co.], 179 Misc. 36.)
*311 To be sure, the parties have selected an unorthodox course, proceeding in two forums as they have. But that was their choice. When the actions were brought, the petitioners had the right under the shareholders’ agreement to stay the actions and compel arbitration, but they did not do so. At this late date, the petitioners, having acquiesced in that course, should not be heard to claim that respondent has waived his right to proceed in arbitration on claims not previously presented to the courts.
While there is no legal impediment to arbitration of the instant disputes, we cannot but remark that by flitting between forums the parties have abused both the arbitration process and the courts. And although these various disputes are distinguishable in law, they are but skirmishes within one internecine, intracorporate war that, to the benefit of all, the courts included, recommends itself to final resolution before a single arbitrator.
Accordingly, the order of the Appellate Division should be reversed and the motion to dismiss the petition granted, without costs.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Rabin concur; Judge Stevens taking no part.
Order reversed, etc.

 This arbitration resulted in an award, dated March 23, 1971, favorable to the respondent.