PONDER, Judge.
The Division of Administration, State of Louisiana, appeals from judgments denying a motion to stay arbitration and ordering it to arbitrate.
The issues are (1) whether the court or an arbitrator should decide the question of waiver, and (2) whether the requirement to arbitrate has been waived. The lower court held that the arbitrator should decide the issue of waiver. We reverse and remand one case and reverse and render in the other.
Elliott Construction Company, Inc. was the general contractor on the Southern University Minidome. Standard Roofing Com *225 pany of New Orleans, Inc. was a sub-contractor. The general contract had a provision for arbitration,[1] the sub-contract made the provision applicable to it.[2] After a dispute arose, Standard sued Elliott, who filed a third-party demand against the State, asking not only for the amount demanded by Standard, but also for additional damages in the amount of $1,689,866.85. Elliott also filed with the architect a claim for equitable adjustment of the contract for $3,387,690.00 and for an extension of the completion date. When the architect denied substantially all these claims, Elliott demanded arbitration. When the State refused, Elliott filed suit under LSA-R.S. 9:4201 et seq., asking for an order to require the State to arbitrate. The court granted this order and denied a motion to stay arbitration proceedings filed by the State in the Standard-Elliott-State case. The State appealed both judgments.
The lower court relied on Bartley, Inc. v. Jefferson Parish School Board, La., 302 So.2d 280 (1974) in deciding that the only issues before it were: whether an agreement to arbitrate had been made, and whether the opponent had refused or failed to comply. LSA-R.S. 9:4203.[3] If both questions were answered “yes,” the court was without discretion to do other than order arbitration.
We disagree with that conclusion. LSA-R.S. 9:4201[4] provides that the provision to arbitrate “shall be valid, irrevocable, and enforceable, save upon such grounds as ex *226 ist at law or in equity for the revocation of any contract.” We interpret that to mean that the court is not required to order arbitration under LSA-R.S. 9:4203 if there are grounds under LSA-R.S. 9:4201 for revocation. It follows, necessarily, that the court must consider and rule upon any contention that such ground exists. Certainly, the State is contending that waiver is a ground for revocation.
In the recent decision of George Engine Company, Inc. v. Southern Shipbuilding Corporation, La., 350 So.2d 881 (1977), the Supreme Court held that the court, not the arbitrator, had to decide the question of invalidity of the contract because of lack of consent; that it would be absurd to require arbitration under a contract that did not legally exist. We believe there should be a similar result if the arbitration provision has been waived.
It is true that Bartley did hold that the claims of prematurity and waiver in that case, were to be submitted to the arbitrator rather than to the court. However,.because the court called them “questions of procedural arbitrability” and because the court also speaks of the failure to refer the claims to the architect prior to the demand for arbitration, as was required by the contract, we believe that the question involved was one of failure to conform to the procedure rather than one of a basis for revocation of a contract.
A very substantial group of cases from other jurisdictions reach the same result. See, for instance, Vespe Contracting Co. v. Anvan Corporation, D.C., 399 F.Supp. 516 (1975), from which the following quotation is made, at page 519:
“A motion to compel arbitration presents a court with three basic questions to resolve: (1) whether there is an agreement to arbitrate; (2) whether there are arbi-trable claims in issue; and (3) whether there has been a waiver of the right to arbitration.”
See also In re Tsakalotos Navigation Corp., D.C., 259 F.Supp. 210 (1966) which cites a number of cases to the same effect.
Because the lower court felt that the question of waiver was not properly before it, it did not rule thereon. However, because we have the facts before us, we proceed to decide that question. Gonzales v. Xerox Corporation, La., 320 So.2d 163 (1975).
Elliott contends there has been no waiver of the obligation to arbitrate because the claims asserted in the suit are separate and distinct from those claims to be arbitrated. A comparison of these claims[5] leads us to *227 believe that they are not mutually exclusive.
Furthermore, while there is some authority in other states to the contrary,[6] we believe that the obligation to arbitrate once waived cannot be revived over the objections of the opponent. It would be an inequitable result to allow a party to “flit between forums” of his choice. This would be especially true when the claims are interrelated.
We therefore believe that Elliott has waived the obligation to arbitrate.
In Suit No. 11,867, there is judgment herein reversing the decision of the lower court and ordering the stay of the proposed arbitration. The suit is remanded for proceedings not inconsistent with these reasons. The appellee is cast with cost of these proceedings.
In Suit No. 11,868, the judgment ordering the Division of Administration, State of Louisiana, to arbitrate is reversed and the suit is dismissed at appellee’s costs.
In Suit No. 11,867, Reversed and Remanded.
In Suit No. 11,868, Reversed and Dismissed.

. “7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect’s decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.”

. “14.1 All claims, disputes and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be decided by arbitration in the same manner and under the samé procedure as provided in the Contract Documents with respect to disputes between the Owner and the Contractor except that a decision by the Architect shall not be a condition precedent to arbitration.”

. LSA-R.S. 9:4203.
“The party aggrieved by the alleged failure or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties, or of the property, for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days’ written notice of the application shall be served upon the party in default. Service shall be made in the manner provided by law for the service of a summons.
“The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement or the failure or refusal to perform is an issue, the court shall proceed summarily to the trial thereof.
“If no jury trial is demanded, the court shall hear and determine the issue. Where such an issue is raised, either party may, on or before the return day of the notice of application, demand a jury trial of the issue, and upon such demand the court shall issue an order referring the issue or issues to a jury called and empan-elled in the manner provided by law.
“If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall issue and order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.”

.LSA-R.S. 9:4201.
“A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.”

.As we analyze the claims in the third party demand they are:
1. Cost of removing roof $ 15,369.42
2. Cost of replacing roof 272,166.21
3. Damages because of delay of 506 days attributable to roof change at $100/day 50,600.00
4. Cost of repairing/painting undercoating 21,932.69
5. Added labor because of roof delays 713,056.68
6. Interest on Aug. retainage by owner for roof 76,284.75
7. Increase in material cost due to roof delays 58,851.32
8. Consultants’ fees for roofing problem 28,593.21
9. Added field office overhead 200,882.00
10. Added home office overhead 165,462.00
11. Interest on added costs 72,698.57
12. Costs paid to Standard under contract amendment 14,000.00
$1,689,896.85
As we analyze the claims for equitable adjustment they are:
1. Change in sequence made by state in pouring of risers & seats $1,337,874.00
2. Misrepresentation of subsurface conditions by the State or its agents 1,031,875.00
3. Impact on contractor’s labor situation for other contracts he had due to change in sequence 163,473.00
4. Increased cost of tartan floor 84,393.00
5. Extended overhead & attendant field costs 322,714.00
6. Interest of increased costs 231,809.00
7. Interest on retention amount 50,833.00
8. Cost of prosecuting claim for added costs 150,000.00
9. Direct costs for design change 4,719.00
$3,377,690.00
*227 The latter also asked for additional time for contract completion which included the delays because of roof change.

. Denihan v. Denihan, 34 N.Y.2d 307, 357 N.Y.S.2d 454, 313 N.E.2d 759 (Ct. of Appeals, N.Y. 1974). To the contrary, see Gutor International A G v. Raymond Packer Co., Inc., 1 Cir., 493 F.2d 938 (1974), from which the following quotation is made on page 945:
“Submission of part of an arbitrable matter to a court waives the submittor’s right to insist upon arbitration of the remainder.”