■ CARTHAGE CENTRAL SCHOOL DISTRICT NO. 1, Respondent, v REDDICK AND SONS OF GOUVERNEUR, INC., Appellant.—Order unanimously reversed, with costs, and motion granted. Memorandum: Appellant, Reddick and Sons of Gouverneur, Inc. (Reddick), has been permanently

stayed from arbitrating a contract claim against respondent Carthage Central School District No. 1 (school district). Reddick and the school district entered into a contract in 1973 for the construction of the school district's middle and elementary schools. This contract included the standard A.I.A. condition with a general arbitration clause covering all claims and disputes arising out of or relating to the contract. At the time when Reddick claimed completion of the contract, Parker-Soper, architects retained by the school district to be its representative on the job, refused to accept the work or certify final payment. As a result of this dispute Reddick demanded arbitration on November 4, 1976. The school district moved to stay arbitration on the ground that a notice of claim that had been served was not timely. The motion was granted and Reddick appealed. While the appeal was pending, Reddick commenced an action at law against the architects. We reversed the order staying arbitration (67 AD2d 808), and Reddick timely served a further demand for arbitration. Subsequently the school district commenced an action at law against Reddick for claims arising out of the same construction project. Reddick thereupon moved to compel arbitration of the claims asserted by the school district. Special Term denied the motion holding that Reddick had waived its right to arbitration by commencing its earlier action against the architects. An analysis of the school district's complaint reveals that it is basically a contract action against Reddick and under that contract Reddick is entitled to the agreed upon arbitration. Plainly, Reddick has not waived its right to the use of that forum to resolve this matter. Its suit against the architect alleges seven causes of action, essentially claiming negligence and other torts on the part of the architects which damaged Reddick. The architects were not sued in their representative capacity as agents of the school district and the claims made are separate and distinct from the contract dispute between the school district and Reddick. A party cannot be held to have waived his right to arbitration unless he seeks another remedy knowing that it is exclusive (*Matter of United Paper Mach. Corp. [Di Carlo]*, 19 AD2d 143, 144, affd 14 NY2d 814). We can find no waiver of arbitration from Reddick's instituting this separate suit against the architects (*Denihan v Denihan*, 34 NY2d 307, 310). *Denihan* involved arbitration and an action at law between the same parties on different issues. There is not presented here dual processes continuing side by side which necessarily will result in contrary determination (see *Matter of United Paper Mach. Corp. [Di Carlo], supra*, p 145). Nevertheless, to effect an orderly process, the action commenced against the architects should be stayed until the completion of arbitration. (*Armco Steel Corp. v Renago Constr.*, 34 AD2d 887, mot for lv to app den 27 NY2d 483). (Appeal from order of Lewis Supreme Court—arbitration.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.