■ PREISS/BREISMEISTER ARCHITECTS, Respondent, v WESTIN HOTEL COMPANY-Plaza Hotel Division, Also Known as THE PLAZA, Formerly Known as

WESTERN INTERNATIONAL HOTELS-PLAZA HOTEL DIVISION, Appellant. — Order, Supreme Court, New York County (Greenfield, J.), entered on November 6, 1981, affirmed, without costs and without disbursements, for the reasons stated by Greenfield, J., at Special Term. Concur — Ross, J. P., Carro and Milonas, JJ.

Silverman and Bloom, JJ., dissent in a memorandum by Silverman, J., as follows: I would reverse the order appealed from, deny plaintiff's motion to compel arbitration and grant defendant's motion to stay arbitration. In my view by bringing court suit plaintiff waived its right to arbitration. In this case the contract between the parties contained a broad arbitration clause: "All claims, disputes and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement or the breach thereof, shall be decided by arbitration". Plaintiff contends that defendant wrongfully terminated and breached the contract and that thereafter defendant broke into an office in defendant's hotel in which plaintiff kept various architectural drawings and documents and unlawfully seized those drawings and documents. These facts of course are disputed by defendant. On March 24, 1981 plaintiff instituted an action against defendant in the Supreme Court by service of a summons and complaint for an injunction and declaratory judgment and on that day procured an ex parte temporary restraining order and moved by order to show cause for a preliminary injunction. Issue was joined on March 27, 1981 by answer. The answer included denials and counterclaims. On the same day defendant served a deposition notice on plaintiff requesting the principals of plaintiff to bring with them some 80 architectural drawings and plans alleged to belong to defendant. On that same day, March 27, 1981, a Justice of the Supreme Court denied plaintiff's application to continue the temporary restraining order and took under advisement plaintiff's request for a preliminary injunction. On March 31, 1981 plaintiff served a demand for arbitration. The court action, however, continued. On April 17, 1981 the court granted plaintiff's motion for a preliminary injunction; on defendant's motion for rehearing, the court on May 1, 1981 reversed itself and vacated all restraining orders; and, apparently at some later date, plaintiff made a motion for summary judgment in the action which was denied on August 31, 1981. Concededly the bringing of a court action is a waiver of the plaintiff's right to arbitration unless the claims asserted in the lawsuit are "separate and distinct" from those to be arbitrated. (*Denihan v Denihan,* 34 NY2d 307, 310.) This court said in *Matter of Spirs Trading Co. v Occidental Yarns* (73 AD2d 542, 543): "A party entitled to demand arbitration waives that right by bringing an action involving the same claim." (Accord, *Denihan v Denihan, supra.*) While the question of waiver is said to be one of intent, that means something more than a desire by plaintiff to have his cake and eat it too. This court observed in *Matter of Ladin (D. & C. Textile Corp.)* (20 AD2d 8, 9, affd 14 NY2d 781): "Generally speaking, a waiver does not constitute a bar unless it is intentional, that is, unless the party advisedly gives up the right. Here, it is perfectly clear that the respondent never intended to give up its contract right to arbitrate. Nevertheless, there are certain situations where conduct inconsistent with the maintenance of a right is held to show an abandonment of that right despite the desire to retain it * * * The waiver would therefore be effective if a lawsuit was started against the petitioners here, the parties to the arbitration agreement." Plaintiff did not seek arbitration until after a first unsatisfactory determination on the temporary restraining order had been made by the court and an answer served containing counterclaims as well as denials. And as I have said, it continued to press the lawsuit even to the point of seeking summary judgment. Plaintiff says that the claims asserted in the

lawsuit are "separate and distinct" from those of the arbitration. (Cf. *Denihan v Denihan, supra,* p 310.) I do not agree. Plaintiff says that the gravamen of the lawsuit is primarily the tort claim and the claim for common-law copyright, and some interim relief, while the arbitration is essentially for breach of contract. The record does not support this determination. While the main thrust of the complaint relates to the seizure of the drawings and documents, in large part the complaint rests on the contract and complains of its breach. Thus the complaint alleges that "pursuant to the aforesaid contract" plaintiff agreed to perform services and prepared plans, drawings, specifications and other related documents. It goes on to quote the provision of the agreement that the drawings and specifications are the property of the plaintiff not to be used by the defendant except by agreement in writing and appropriate compensation to the plaintiff and that "as a result thereof" plaintiff retained all property rights in the documents. Thus plaintiff's whole claim in the complaint with respect to the documents rests on a provision of the contract. If the contract were otherwise, plaintiff would have no claim. The complaint goes on to allege a common-law copyright; but plaintiff would not own the copyright if the contract were otherwise. The complaint goes on to allege that thereafter defendant "wrongfully, unjustly and without basis therefor, terminated its contract with plaintiff, and as a result, is in breach with respect thereto." Thus the entire issue of breach of contract is thrown into the complaint. The prayer for relief is for an injunction with respect to the use of the documents and for "a declaratory judgment that each of the acts undertaken by the defendant is in violation of the rights of the plaintiff, and for a declaratory judgment determining that the acts of the defendant are unlawful". The "acts undertaken by the defendant" clearly include the wrongful termination and breach of the contract alleged in the complaint. Assuming for the moment that plaintiff might be entitled to some kind of preliminary injunctive relief to maintain the *status quo* with respect to the documents pending arbitration, why the demand for a declaratory judgment with respect to "each of the acts undertaken by the defendant"; why the demand for a declaratory judgment at all; why the demand for a permanent injunction; and why the allegation as to the breach of contract by wrongful termination of the contract? And when we examine plaintiff's subsequent demand for arbitration we see that essentially the same claims alleged in the complaint are now the basis for the demand for arbitration, including the breach of contract by wrongful termination of the contract; the breach of contract by wrongful use of the plans, specifications and other related documents; and even the claim of infringement of common-law copyright. The only difference is in the prayer for relief in that in the arbitration plaintiff demands money damages and indemnification against possible claims arising out of improper and unauthorized use of the documents. Plaintiff cannot thus split between court and arbitrator its prayers for relief arising out of the same underlying core of facts and legal rights. The contract requires arbitration of "[a]ll claims, disputes and other matters * * * arising out of, or relating to this Agreement or the breach thereof". Plaintiff, as I have said, moved for summary judgment in the action. The Special Term Justice who denied that motion said: "A grant of summary judgment at this stage of the proceedings would amount to a declaration by the court that the Hotel wrongfully terminated its contract with the plaintiff; that the Hotel wrongfully appropriated plans and drawings from the plaintiff; that the Hotel has used the plaintiff's concepts as its own and that each of the acts of the defendant is in violation of the rights of the plaintiff." Thus if plaintiff obtains the judgment it seeks in the action, nothing will be left for the arbitration but an assessment of damages. The case would seem to be analogous to a plaintiff

who attempts to bring two actions on the same state of facts, one for injunction and declaratory judgment of breach, and the other for the assessment of damages. It would not be permitted to do so in a court, and it should not be permitted to do so by splitting its claims for relief on the same facts between court and arbitrator. "The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration." (*De Sapio v Kohlmeyer,* 35 NY2d 402, 406.) Having decided against arbitration and in favor of court action with respect to some portion of the relief to which plaintiff deems itself entitled by reason of the same matters "arising out of, or relating to this Agreement or the breach thereof," plaintiff has waived the right to arbitration as to those matters.