■ LEWIS KOBAK, Respondent, v LEO SCHULTZ, Appellant. (Matter No. 1.) LEMAR REALTY & ASSOCIATES, LTD., Appellant, v LEWIS KOBAK et al., Respondents. (Matter No. 2.)—In a fraud action, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County, (Jordan, J.), dated February 19, 1985, which, *inter alia,* found that the parties had waived their right to arbitration, denied Leo Schultz's motion to compel arbitration, granted Lewis Kobak's applications to stay arbitration, and *sua sponte,* ordered that a holdover summary proceeding pending in the Civil Court, Kings County, between Lemar Realty & Associates, Ltd., and Lewis Kobak, Damwel Assembling & Packaging Services, Inc., and "Does 1 through 10" be removed to the Supreme Court, Kings County, and consolidated with the pending fraud action.

Order and judgment modified, by deleting the seventh, eighth and ninth decretal paragraphs thereof directing removal of the holdover summary proceeding and consolidation of that proceeding with the fraud action. As so modified, order and judgment affirmed, without costs or disbursements.

In early 1982, Leo Schultz, sole shareholder of United Crating & Warehouse Corp. (United), and Lewis Kobak, sole shareholder of Damwel Assembling & Packaging Services, Inc. (Damwel), agreed to merge their businesses. The new business was to be headquartered at 1901 Eighth Avenue in Brooklyn, a property originally owned by United. The parties agreed that this property would not be considered to be part of the business' assets, and that it would be conveyed to Schultz or any corporation of which he was a majority shareholder. Furthermore, Schultz, as "Land-Owner", agreed that he would

execute a long-term lease of the property to the business. The merger agreement concluded with a paragraph which stated that "[a]ny dispute, difference or controversy arising out of, or in connection with any of the provisions of this Agreement or the interpretation thereof * * * shall be submitted for determination by arbitration".

Following the execution of the merger agreement, Kobak moved the operations of Damwel into the Eighth Avenue address. The extent of the parties' fulfillment of their obligations under the merger agreement after that move is the focus of the instant disputes.

During 1983 the relationship between Schultz and Kobak deteriorated. In May 1984 Lemar Realty & Associates, Ltd. (Lemar), a business entity controlled by Schultz, initiated a holdover summary proceeding in the Civil Court of the City of New York, Kings County, against Kobak, Damwel and various undertenants (Does 1-10) claiming to be the owner of the Eighth Avenue property. Its petition alleged that the merger of Schultz's and Kobak's businesses was a condition precedent to the execution of a lease, and no merger had occurred. Therefore, Lemar contended that the respondents' tenancy was "at will" and had been terminated by service of a notice of termination. No arbitration was demanded in the holdover summary proceeding. Instead, the respondents-respondents answered the petition.

Kobak then commenced an action against Schultz in the Supreme Court, Kings County, seeking damages for fraud in connection with the merger agreement. The complaint specifically alleged that Schultz had "attempted to renege on the lease provisions provided for in the Agreement". In response, Schultz moved to compel arbitration of Kobak's claims while Lemar simultaneously moved for summary judgment in the holdover summary proceeding. Kobak then made a cross motion to stay arbitration of the claims raised in the fraud action, contending that Schultz had waived his right to arbitration by his participation, through Lemar, in the summary proceeding. A second demand for arbitration, and a second motion to stay arbitration followed.

Ruling upon these motions, Special Term concluded, as we now do, that the parties waived their right to arbitrate. "Not every foray into the courthouse effects a waiver of the right to arbitrate. Where claims are entirely separate, though arising from a common agreement, no waiver of arbitration may be implied from the fact that resort has been made to the courts on other claims (Denihan v Denihan, 34 NY2d 307, 310).

Moreover, where urgent need to preserve the status quo requires some immediate action which cannot await the appointment of arbitrators, waiver will not occur where plaintiff 'moves in court for protective relief in order to preserve the status quo while at the same time exercising its right under the contract to demand arbitration' *(Preiss/Breismeister Architects v Westin Hotel Co.,* 56 NY2d 787, 789)" *(Sherrill v Grayco Bldrs.,* 64 NY2d 261, 273; see, *Mendelsohn v A & D Catering Corp.,* 100 AD2d 209).

Neither of these exceptions can be applied in this case. An examination of the record reveals that the parties are not raising entirely separate claims. What lies at the center of both Lemar's proceeding and Kobak's action is a fundamental dispute over the status of the merger agreement. Schultz waived his right to arbitrate Kobak's claim that the agreement had been secured by fraud when his corporation, Lemar, asserted, as a basis for relief in the Civil Court proceeding, that no merger had occurred. Further, under the circumstances, the relief sought in Lemar's holdover summary proceeding cannot be considered protective relief intended to preserve the status quo while arbitration was pending, since Schultz made no attempt to seek arbitration until after he was served with Kobak's summons and complaint in the Supreme Court action.

Finally, we agree with Special Term that the action and proceeding contain common questions of law and fact, presenting an appropriate opportunity for consolidation. However, Special Term erred when it ordered a consolidation *sua sponte* (CPLR 602 [b]; *Singer v Singer,* 33 AD2d 1054). Therefore, Special Term's order and judgment is modified accordingly. Bracken, J. P., Lawrence, Eiber and Kooper, JJ., concur.