■ IMPORT ALLEY OF SUNRISE MALL, INC., Appellant, v SUNRISE MALL ASSOCIATES, Respondent.—In an action to recover alleged overpayments of electric utility charges pursuant to a lease between the parties, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Burke, J.), dated November 9, 1984, as, upon reargument, adhered to its original determination, granting the defendant's motion to permanently stay arbitration pursuant to CPLR article 75.

Judgment affirmed insofar as appealed from, with costs.

While the plaintiff has established that the claim it seeks to arbitrate is distinguishable from the claim upon which the instant action is based (see, Sherrill v Grayco Bldrs., 64 NY2d 261; Denihan v Denihan, 34 NY2d 307), the taking of extensive depositions by the plaintiff in a lawsuit between the parties, which inquired into issues concerning the claim it seeks to arbitrate, manifested an affirmative acceptance of the judicial forum.

" 'The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration' " (Sherrill v Grayco Bldrs., supra, p 274, quoting from De Sapio v Kohlmeyer, 35 NY2d 402, 406). The plaintiff's action constituted a waiver of its right to arbitration. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.