■ HARVEY A. BERG, A.I.A., P.E., Appellant, v AHAD VOSSOUGHIAN, Respondent.—In an action to recover moneys due

under a contract, the plaintiff appeals from an order of the Supreme Court, Orange County (Isseks, J.), dated June 24, 1986, which denied his motion to stay the defendant from proceeding on his counterclaims and to compel arbitration on the issues raised therein or, in the alternative, to stay the action and to compel arbitration on issues raised in the complaint and counterclaims.

Ordered that the order is modified by granting so much of the plaintiff's motion which was to compel arbitration of the defendant's counterclaims and to stay the action pending completion of the arbitration. As so modified, the order is affirmed, with costs to the plaintiff.

The defendant's counterclaims for damages for breach of contract and negligence are legally distinguishable from the plaintiff's claim for his fee due under the contract, even though all the claims arise out of a common agreement. Since the counterclaims are separate, the plaintiff did not waive his right when he instituted this action, to seek arbitration of those counterclaims under the broad arbitration clause in the contract (see, e.g., Sherill v Grayco Bldrs., 64 NY2d 261; Denihan v Denihan, 34 NY2d 307; Armco Steel Corp. v Renago Constr., 34 AD2d 887, lv denied 27 NY2d 483). Furthermore, in view of the fact that he moved to compel arbitration of the counterclaims, rather than participating in litigation of those claims, the plaintiff cannot be said to have waived arbitration by accepting a judicial forum (cf., Import Alley v Sunrise Mall Assocs., 120 AD2d 708).

Further proceedings in the action pending in the Supreme Court, Orange County, should be stayed pending completion of arbitration proceedings. That portion of the plaintiff's motion which sought to compel arbitration of the issues in the complaint involving the plaintiff's fee was properly denied since both parties, by their actions in this litigation, have waived arbitration of those issues (see, Armco Steel Corp. v Renago Constr., supra). Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.