◼ MALONE GOLF CLUB, INC., Appellant, v MOORE GOLF INCORPORATED, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered May 18, 1988 in Franklin County, which granted defendant's motion to compel arbitration between the parties.

Plaintiff and defendant entered into a written construction contract to build a golf course in Franklin County. The agreement contained a broad agreement to arbitrate disputes. A disagreement arose as to the amount due defendant under the contract. Plaintiff advised defendant, at a meeting held June 2, 1987 to discuss the dispute, that defendant would not be permitted to complete the work.

Plaintiff sued defendant in Supreme Court by service of a summons with notice on June 26, 1987 alleging breach of contract, negligence and fraud. Venue was laid in Franklin County. Defendant removed the action to the Federal District Court on July 14, 1987. A demand for a complaint was served on plaintiff. None being served, on August 15, 1987 defendant

moved for service of the complaint in Federal court. Plaintiff cross-moved for an order of remand based on the contract's forum selection clause; the cross motion was granted.

After remand, defendant again demanded service of a complaint which was served on January 25, 1988. On February 4, 1988, before answering the complaint, defendant served a demand for arbitration on plaintiff. On February 16, 1988 defendant answered the complaint asserting that the allegations were subject to arbitration. Supreme Court held that the contract contained a valid agreement to arbitrate and that the dispute was arbitrable. Plaintiff appeals.

Plaintiff contends that defendant waived its right to arbitrate the claims made against it by plaintiff when defendant removed the lawsuit to Federal court and/or by its delay in filing a demand for arbitration. Waiver of the right to arbitrate occurs when a party abandons its right to arbitrate by bringing a court action unless the claims asserted in the lawsuit are "separate and distinct" from those to be arbitrated (*Denihan v Denihan*, 34 NY2d 307, 310). In *Preiss/Breismeister Architects v Westin Hotel Co.—Plaza Hotel Div.* (56 NY2d 787), it was held that a plaintiff who sought a temporary injunction to restrain the defendant from certain acts based upon a tort claim acted to preserve the status quo, and was thus not foreclosed from making a demand for arbitration under the contract or subsequent claims that the defendant had, among other things, breached the contract. The Court of Appeals held that the injunctive relief sought would not reach the breach of contract issues for which arbitration had been demanded and was separate and distinct. In *Allied Bldg. Inspectors Intl. Union of Operating Engrs. v Office of Labor Relations* (45 NY2d 735, 737), the Court of Appeals indicated that, in evaluating whether there is a waiver, the court will look not only to the degree of participation in litigation, but whether the participation evinces an affirmative acceptance of the judicial forum.

Here, as in *Allied Bldg. Inspectors (supra)*, the assertion of the right to arbitration followed closely on the heels of defendant's legitimate testing of the subject matter jurisdiction of both the State and Federal courts. Defendant, in its petition for removal, asserted the broad arbitration agreement and that it was unable to determine if some of plaintiff's allegations were arbitrable. The petition sought service of the complaint. The merits were thus not placed in issue. Once the jurisdiction issue was resolved and the complaint was served,

defendant raised the defense of arbitration in timely fashion. We conclude, therefore, that no waiver occurred.

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.