**30** GLICKENHAUS & Co., Appellant, v D. CHRISTOPHER TAYLOR et al., Respondents. GLICKENHAUS & Co., Respondent, v D. CHRISTOPHER TAYLOR et al., Appellants, et al., Defendant.— Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered July 7, 1989, which denied plaintiff's motion for a preliminary injunction and vacated a temporary restraining order preventing defendants from utilizing proprietary information of plaintiff; order of the same court, entered August 29, 1989, which granted summary judgment dismissing the complaint as to defendant Suger, denied defendants' cross motion to dismiss the complaint and denied defendant's Swan's cross motion for a preliminary injunction; and order of the same court, entered February 5, 1990, which, *inter alia,* denied plaintiff's motion to compel arbitration and stay the litigation, unanimously modified, on the law, the facts, and in the exercise of discretion, to direct all parties to submit to arbitration, to stay the litigation and to deny defendant Suger's motion for summary judgment dismissing the complaint against him, and otherwise affirmed, without costs.

Plaintiff, a broker in the "sinking fund" municipal bond market, brought this action against defendants, its former employees, charging, *inter alia,* unfair competition, and sought a preliminary injunction restraining defendants from utilizing or misappropriating plaintiff's confidential information or soliciting its employees. Defendants were alleged to have left plaintiff's employ to form Greenwich Partners, Inc. and to have misappropriated the confidential information contained in plaintiff's "sinking fund bond book". When defendant Suger was dismissed by plaintiff, he and plaintiff entered into a written termination agreement containing mutual release provisions.

After plaintiff moved for a preliminary injunction, defendants cross-moved to dismiss on the ground of judicial estoppel. Suger cross-moved for summary judgment based upon the release provisions. The Supreme Court denied plaintiff's application for a preliminary injunction in an order entered July 7, 1989. Rather than pursuing an appeal from the order denying its application for a preliminary injunction, plaintiff commenced arbitration proceedings on August 22, 1989. After defendants were served in the arbitration proceeding, they served an answer and counterclaims with discovery notices in the court proceeding.

In an order entered August 29, 1989, the Supreme Court granted Suger's cross motion for summary judgment. On September 20, 1989, plaintiff moved to compel arbitration and to stay the court proceedings. Plaintiff then filed an appeal from so much of the order of the Supreme Court as granted dismissal of the claims against Suger on September 28, 1989. After the Supreme Court denied defendants' motion to dismiss the complaint on the ground of judicial estoppel, defendants served a notice of appeal on September 13, 1989. In its February 5, 1990 order, the Supreme Court stayed both the arbitration and the court proceedings pending appeal of its prior orders.

The Supreme Court erred in denying plaintiff's motion to compel arbitration and to stay the litigation since the parties were bound by the rules and bylaws of the National Association of Securities Dealers, Inc. (NASD) which mandate arbitration and since all the claims asserted in plaintiff's complaint were arbitrable.

CPLR 7503 (a) requires the court to compel arbitration when there is no substantial question whether a valid agreement was made or complied with and when such proceedings are not barred by the Statute of Limitations. It is undisputed that all of the litigants are bound by the rules and bylaws of the NASD which mandate the arbitration of disputes between parties bound by those rules and bylaws.

Contrary to defendants' contention, all of the parties' claims, including defendants' counterclaim for damages resulting from plaintiff's alleged improper action in obtaining a temporary restraining order, the defense of estoppel and questions pertaining to the release entered into by plaintiff and Suger are arbitrable (see, Preiss/Breismeister Architects v Westin Hotel Co., 56 NY2d 787; Matter of Goodman [Lazrus], 15 AD2d 530). Nor did plaintiff waive its right to arbitration by commencing the underlying proceeding for a preliminary injunction. "There is neither waiver nor an election of remedies where * * * plaintiff moves in court for protective relief in order to preserve the status quo while at the same time exercising its right under the contract to demand arbitration" (Preiss/Breismeister Architects v Westin Hotel Co., supra, at 789). The fact that the arbitration proceedings in this case were instituted shortly after the commencement of the injunction proceedings does not prevent the application of this rule (compare, Preiss/Breismeister Architects v Westin Hotel Co., supra, where the Court of Appeals found plaintiff's application

for an injunction to have been made at the same time as it exercised its right to demand arbitration, with dissent of Appellate Division in that case [86 AD2d 844, 845] indicating that plaintiff therein did not actually seek arbitration until after the denial of its application for a temporary restraining order and after an answer had been served containing counterclaims as well as denials). The slight delay in seeking a stay of the court proceedings did not unduly prejudice defendants, whose counsel had conceded to the court that the issues were in fact arbitrable, and does not support a claim of waiver *(Bridas Sociedad Anonima Petrolera Indus. y Comercial v International Std. Elec. Corp.,* 128 Misc 2d 669 [Sup Ct, NY County], *affd* 117 AD2d 1027).

"[T]he State favors and encourages arbitration 'as a means of conserving the time and resources of the courts and the contracting parties' *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91, 95; *Matter of Weinrott [Carp],* 32 NY2d 190)" *(Mobil Oil Indonesia v Asamera Oil,* 43 NY2d 276, 281-282, *rearg denied* 43 NY2d 846). The dispute herein is particularly suited to arbitration in light of NASD's expertise in the field of securities. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.