■ ARTELIA COURT, Appellant, v ALEN MACWEENEY, Respondent. [600 NYS2d 236] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered March 24, 1992, which, *inter alia,* granted the defendant's cross-motion for summary judgment and referral to mediation and arbitration, to the extent of denying and directing referral to mediation and, in the event that fails, to arbitration, those portions of plaintiff's motion for omnibus enforcement and other relief, in which plaintiff sought entry of money judgments for child support and support obligations, setting current child support levels and attorney's fees, unanimously modified on the law, to deny the defendant's cross-motion for summary judgment and referral to mediation/arbitration to the extent that it was granted and, to remand the matter for determination by the court, on the merits, of all issues referred to mediation/arbitration, and otherwise affirmed, without costs.

The parties were married in 1965 and have lived separate and apart since 1982 pursuant to a separation agreement entered into on December 17, 1982. There is one child of the marriage born in June 1971. No judgment of divorce has been entered by either party, although by order entered March 5, 1990 in Supreme Court, New York County (Walter M. Schackman, J.), plaintiff's motion for partial summary judgment was granted insofar as it sought a divorce pursuant to Domestic Relations Law § 170 (6). In the March 5, 1990 order, the court directed counsel for the parties to settle an order providing for the findings of fact and conclusions of law and a proposed judgment of divorce, and severed for trial various ancillary issues not disposed of in that order. It is noted that contrary to plaintiff's understanding, consideration by the IAS Court of the proposed findings of fact and conclusions of law and the subsequent entry of the judgment of divorce pursuant to that order would not prejudice her rights in the future as such judgment would necessarily incorporate the parties' separation agreement.

Defendant, after availing himself of the courts since 1986 by seeking affirmative relief from the court without resorting to the mediation/arbitration provision of the parties' separation agreement now seeks to invoke that provision. It is significant that defendant cross-moved before the IAS Court for recall of a prior order of said court entered March 5, 1990, which granted the plaintiff certain affirmative relief and denied defendant's cross-motion for *inter alia,* discovery and downward modification, on the ground that the issues decided therein should have been referred to mediation/arbitration. Defendant also cross-moved for summary judgment directing that the issues raised in plaintiff's current motion for omnibus enforcement and other relief, be referred to mediation/arbitration.

"Like contract rights generally, a right to arbitration may be modified, waived or abandoned." *(Sherrill v Grayco Bldrs.,* 64 NY2d 261, 272.) Such modification, waiver or abandonment is accomplished by activity which "manifest[s] a preference 'clearly inconsistent with [a] later claim that the parties were obligated to settle their differences by arbitration' " *(supra,* at 272, quoting *Matter of Zimmerman v Cohen,* 236 NY 15, 19). However, where claims are entirely separate, though arising from a common agreement, no waiver of arbitration may be implied from the fact that resort has been made to the courts on other claims *(Denihan v Denihan,* 34 NY2d 307, 310). In

addition, a waiver will not occur where one party moves in court for protective relief in order to preserve the status quo while at the same time exercising its right under the contract to demand arbitration *(Preiss/Breismeister Architects v Westin Hotel Co.,* 56 NY2d 787, 789).

The issues in connection with which the defendant actively sought affirmative relief in prior litigation between the parties are not different from those in connection with which he now seeks mediation/arbitration. Moreover, it cannot be said that the defendant's activity was for protective relief to maintain the status quo while asserting his right to mediation/arbitration. It is not disputed that the cross-motion decided in the order appealed was the first time defendant sought to resort to the mediation provision of the parties' separation agreement. Furthermore, it is apparent that plaintiff's motion was directed toward enforcement of the relief she was granted in the March 5, 1990 order. The IAS Court correctly found that there had been a waiver of the mediation/arbitration provision in the prior litigation, but was incorrect in limiting that waiver to the prior application and in refusing to apply it to any current or future application by the plaintiff. Concur—Ellerin, J. P., Ross, Asch and Kassal, JJ.