Lieberman v Wachsman (2004 NY Slip Op 50020(U))

[*1]

Lieberman v Wachsman

2004 NY Slip Op 50020(U)

Decided on January 12, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 12, 2004

Supreme Court, Nassau County
 RONALD LIEBERMAN and MITCHELL LIEBERMAN, Plaintiffs, - -
against
CHAIM WACHSMAN, Defendant.
INDEX NO. 5879-02

ATTORNEY FOR PLAINTIFF'S
Ruskin, Moscou, Faltischek, P.C.
East Tower
190 EAB Plaza
Uniondale, New York 11556-0190
ATTORNEY FOR DEFENDANT
Snitow, Kanfer, Holtzer & Millus, LLP
575 Lexington Avenue
New York, New York 10022-6102

LEONARD B. AUSTIN, J.
The following papers were read on Defendant's motion to stay arbitration:
Notice of Motion dated March 22, 2003;
Affirmation of Franklyn H. Snitow, Esq. dated September 22, 2003;
Defendant's Memorandum of Law;
Affirmation of Christine McInerney, Esq. dated October 24, 2003;
Plaintiff's Memorandum of Law;
Affirmation of Franklyn H. Snitow, Esq. dated October 30, 2003;
Defendant's Reply Memorandum of Law.
Defendant Chaim Wachsman moves for an Order staying arbitration pursuant to CPLR 7503 (b).
 The Plaintiffs Ronald Lieberman, Mitchell Lieberman and Defendant Chaim Wachsman ("Wachsman") contend that they entered into a so-called "business enterprise" comprised of several partnerships including Atria East Associates whose purpose was to manage, maintain, operate, lease and/or "refinance various commercial and/or residential real state properties" (Amended Cmplt.,¶ 7).
According to the Plaintiffs, the parties agreed, among other things, that (1) profits and losses of the various partnerships would be shared equally; and (2) that they would not be entitled [*2]to fees for services "performed in connection with the Partnership unless otherwise specified by then agreement" (Amended Cmplt.,¶ 9).
 At some point, Wachsman assumed a leading role in managing the various entities comprising the parties' business enterprises (Amended Cmplt.,¶ 1).
Although the Plaintiffs contend Wachsman was not entitled to compensation for his services, from "time to time" they apparently agreed to make certain "limited payments" to him for the management services he rendered (Amended Cmplt.,¶ 12). The enterprise became "extremely successful" and accumulated "vast assets" (Amended Cmplt.,¶ 1), but the Liebermans contend that recently, intractible disagreements arose which have prevented the parties from proceeding in a "fruitful and productive manner" (Amended Cmplt.,¶ 18).
More particularly, the Liebermans contend that Wachsman breached his fiduciary duties to them and engaged in self-dealing by "embark[ing] on a continuous scheme to divert monies" collected from the various entities comprising the partnerships (Amended Cmplt.,¶ 20); retaining excessive management fees; failing to pay over certain sale proceeds to the Liebermans; and refusing the Liebermans access to the partnerships' books and records (Cmplt.,¶ 20 [i]-[v]).
The Plaintiffs' complaint seeks (1) damages; (2) an accounting; and (3) a declaratory judgment "equitably dissolving" the partnerships together with a division of partnerships assets "by and among" the parties (Cmplt.,¶¶ 31, 39; Wherefore clause).
By order dated November 6, 2002, this Court denied a prior motion by Wachsman for dismissal of the complaint, after which the Defendant contends the parties engaged in "intensive" discovery for a period of some 17 months (Snitow Aff., ¶¶ 5-6).
In August 2003, the Plaintiffs served a demand for arbitration with respect to "Atria East Associates" one of the entities comprising the partnership enterprise as identified in the Plaintiffs' complaint.(Amended Cmplt., 16 [a]).
The statement of claim annexed to the demand for arbitration seeks the remedy of dissolution and recounts that Wachsman breached fiduciary duties by retaining excessive management fees (¶¶ 14-15, 21); refusing to account for his actions (¶¶ 28-32), and as similarly claimed in the underlying complaint "embark[ing] on a continuous scheme to divert monies collected from * * *Atria * * *" (¶ 17), which precluded the "partners from proceeding in [a] productive and fruitful manner" (¶ 22). Notably, it is undisputed that the Atria partnership agreement contains a provision stating that any "claim or controversy" arising out of the agreement "shall be settled by arbitration * * *" (Agreement, ¶ 21).
Defendant now moves to stay arbitration pursuant to CPLR 7503 (b), arguing that by commencing the instant action, the Plaintiffs waived any arbitration rights to which they would otherwise have been contractually entitled. The Court agrees.
"Although arbitration is favored as a matter of public policy" (TNS Holdings, Inc. v. MKI Securities Corp., 92 N.Y. 2d 335 339 [1998]), "[l]ike contract rights generally, a right to arbitration may be modified, waived or abandoned." Sherrill v. Grayco Builders, Inc., 64 N.Y. 2d 261, 272 (1985); and Zimmerman v. Cohen, 236 N.Y. 15, 19 (1923).
 More particularly, "[a] determination that a party has waived the right to arbitrate requires a finding that the party engaged in litigation to such an extent as to manifest[ ] a preference 'clearly inconsistent with [its] later claim that the parties were obligated to settle their differences by arbitration' * * * and thereby elected to litigate rather than arbitrate." Les [*3]Constructions Beauce-Atlas, Inc. v. Tocci Bldg. Corp. of New York, Inc., 294 A.D. 2d 409, 410 (2nd Dept. 2002), quoting from, Sherrill v. Grayco Builders, Inc., supra at 272; and Zimmerman v. Cohen, supra at 19. See also, Ciao Europa, Inc. v. Silver Autumn Hotel (N.Y.) Corp., Ltd., 290 A.D. 2d 216 (1st Dept. 2002); Johanson Resources Inc. v. La Vallee, 271 A.D. 2d 832, 835 (3rd Dept. 2000); and Figueroa v. Flatbush Women's Services, Inc., 244 A.D. 2d 453, 454 (2nd Dept. 1997).
 Generally speaking a party does not waive the right to arbitration by merely "mov[ing] in court for protective relief in order to preserve the status quo while at the same time exercising [his] right under the contract to demand arbitration." Johanson Resources Inc. v. La Vallee, supra at 835; Sherrill v. Grayco Builders, Inc., supra at 272; and Riggi v. Wade Lupe Const. Co., Inc., 176 A.D. 2d 1177, 1178 (3rd Dept. 1991). However, a waiver may result where the claims sought to be redressed in a "judicial action or proceeding * * *embrace the same issues as those contained in the claim for which arbitration is sought" Great Neck Assocs. v. Continental Cas. Co., 192 A.D. 2d 976, 979 (3rd Dept. 1993). See also, Johanson Resources Inc. v. La Vallee, supra at 835; and Kobak v. Schultz, 117 A.D. 2d 714, 715 (2nd Dept. 1986). Conversely, litigation of separate and distinct claims even if involving overlapping factual issues will not constitute a waiver of the right to arbitrate. Denihan v. Denihan, 34 N.Y. 2d 307, 310-311 (1974); and Court v. MacWeeney, 195 A.D. 2d 381, 382 (1st Dept. 1993).
In opposition to the motion, the Plaintiffs essentially contend that the relief actually sought relates solely to a partnership or enterprise whose collective purpose was to further the parties' real estate interests through the various entities identified in the complaint (Amended Cmplt.,¶ 1).
However, and notwithstanding the Plaintiffs' current reference to the concept of an "overarching partnership"(McInerney Aff.,¶ 12; Pltffs' Mem., 5, 7) a term never actually employed in the complaint or the amended complaint the record establishes that essentially the same factual claims, supported by the same basic rationale, have been asserted in both fora with respect to Atria East Associates. See, Denihan v. Denihan, supra. Both proceedings as to Atria involve claims grounded upon breach of fiduciary duty; the improper retention of various fees; entitlement to an accounting; and the Defendant's alleged refusal to allow the Liebermans to inspect partnership books.
The fact that the amended complaint may refer collectively to a multitude of additional entities, does not defeat the inference of substantial identity presented insofar as Atria is concerned; i.e., the inference that the "claims sought to be redressed [in the lawsuit] embrace the same issues as those contained in the claim for which arbitration is sought" in connection with Atria. Great Neck Assocs. v. Continental Cas. Co., supra at 979; Kobak v. Schultz, supra.
 Moreover, while the amended complaint suggests that the various entities created by the parties were devoted to the same overall purpose of furthering the parties' real estate interests (Amended Cmplt.,¶ 1), the various partnerships are, in fact, separately identified and apparently exist as discrete entities. Significantly, the Plaintiffs have not established that an "overarching partnership" or enterprise actually exists as a separate or viable jural entity which would be legally subject to judicial dissolution (Pltffs' Mem. at 7, fn 4). Indeed, Defendant has submitted the Plaintiffs' interrogatory requests which include separately framed items concerning Atria requesting information pertaining to expenses and a variety of fees allegedly retained by the [*4]Defendant (Pltffs' Exh., "D;" Items 5-6).
Although "[n]ot every foray into the courthouse effects a waiver of the right to arbitrate" (Sherrill v. Grayco Builders, Inc., supra at 273), it has also been observed that "[t]he courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration." Sherrill v. Grayco Builders, Inc., supra at 274, quoting from, De Sapio v. Kohlmeyer, 35 N.Y. 2d 402, 406 (1974). Here, Plaintiffs have effectively chosen to litigate their allegations relating to the separately existing partnerships including Atria by incorporating their claims of wrongdoing into a single action.
Lastly, the significant effort devoted to the litigation of this matter prior to the service of the Plaintiffs' demand for arbitration (Cf., Johanson Resources Inc. v. La Vallee, supra at 836), is inconsistent with the presently asserted argument that the parties are now obligated to arbitrate the Atria claim. Sherrill v. Grayco Builders, Inc., supra at 272; and Figueroa v. Flatbush Women's Services, Inc., supra.
Under the circumstances, the Court finds that the Plaintiffs have waived their contractual right to compel the Defendants to submit to arbitration with respect to the entity known as Atria East Associates.
Accordingly, it is,
ORDERED, the Defendants' motion to stay arbitration pursuant to CPLR 7503(b) is granted.
This constitutes the decision and Order of the Court.
 January 12, 2004 Hon. LEONARD B. AUSTIN, J.S.C.
Decision Date: January 12, 2004