■ BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Respondent, v KATHLEEN REUTHER et al., Appellants, et al., Respondent.—In a proceeding to stay arbitration, the appeal is from stated portions of an order of the Supreme Court, Kings County, dated December 1, 1976, which, *inter alia*, permanently stayed the arbitration. Order reversed insofar as appealed from, with $50 costs and disbursements, proceeding dismissed on the merits and the parties are directed to proceed to arbitration forthwith. The Board of Education of the City School District of the City of New York (the Board) and the United Federation of Teachers (UFT) entered into a collective bargaining agreement for the period from September, 1975 to September, 1977. In December, 1975 the Board canceled all sabbatical leaves and recalled all teachers who were on sabbaticals. Those teachers were to report back on February 1, 1976. On December 3, 1975 the UFT filed a grievance pursuant to the arbitration provisions contained in the collective bargaining agreement. The UFT requested expedited arbitration, but the employer refused. On December 22, 1975 the UFT commenced an action in the Supreme Court, Kings County, to permanently enjoin the Board from cancelling sabbaticals. It did this, rather than seek arbitration, because February 1, 1976 would have passed before an arbitration award could have been made. On January 12, 1976 the UFT demanded arbitration. On January 30, 1976 the court denied the UFT's motion for a preliminary injunction. On February 16, 1976 the arbitrator to whom the UFT's claim had been referred denied its request to arbitrate, based upon a statement in the decision of the court denying the UFT's motion for a preliminary injunction that the UFT, by bringing suit, had waived the arbitration provisions of the contract. Thereafter, the appellants individually filed demands for arbitration of the sabbatical question as it affected them. On March 31, 1976 the Board wrote the arbitrator that he could not proceed because any right to arbitrate was waived when the UFT sought a permanent injunction. On April 28, 1976 the arbitrator held that the doctrine of waiver did not bar the appellants' right to arbitrate their disputes. The Board then commenced this proceeding to permanently stay the arbitration demanded by the appellants. In a decision dated November 16, 1976, Special Term granted the Board's application for a permanent stay of arbitration on the ground that the UFT, by commencing the lawsuit, had effectively waived the appellants' rights to arbitrate their grievances as to sabbatical leaves. Where a party elects to have a dispute determined by a court, it generally is deemed to have waived any right it may have had to proceed by arbitration *(Matter of Zimmerman v Cohen,* 236 NY 15). However, based upon the facts presented here, the appellants cannot be adjudged to have waived their right to proceed to arbitration, as provided by the collective bargaining agreement governing their employment. The original dispute in question here is whether the Board has the power to cancel the sabbatical leaves to which the appellants have become entitled. In the action brought by the UFT for an injunction, the court neither addressed nor resolved the underlying dispute involving the cancellation of the sabbaticals. The court's decision was limited to the question of whether the UFT had met the requirements which would entitle it to the injunctive relief sought. While the court determined that the UFT had not shown irreparable injury, and could not demonstrate a clear legal right to injunctive relief, its decision can in no way be construed as resolving the dispute concerning the sabbaticals. Thus the UFT did not waive the arbitration procedure of the collective

bargaining agreement. The "Grievance Procedure" contained in the collective bargaining agreement in force between the parties, states that "[t]he employee may proceed personally or through the Union or any other representative of his choice." There is no evidence that the UFT was acting as the designee of the appellants when it brought the action for an injunction. Rather, the UFT was seeking to prevent what it considered to be an imminent violation by the Board of the collective bargaining agreement. Thus, this case can be distinguished from those like *Schacht v City of New York* (39 NY2d 28), where the plaintiff-employee was deemed to have waived certain pension benefits since she had designated her collective bargaining representative as her agent for the purpose of negotiating with reference to those benefits. Without a showing that the appellants had agreed to have the UFT vindicate the wrong allegedly done them, they remained vested with their contractual right to independently pursue this grievance to arbitration. The mere fact that multiple proceedings by different parties may stem from the same underlying grievance, does not automatically lead to the conclusion that there has been a waiver by one such party of another's contractual right to seek redress (see *Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.]*, 35 NY2d 599). Hopkins, J. P., Margett, Damiani and Rabin, JJ., concur.