632 So.2d 611 (1993)
Jeffrey W. MARTIN and Dorothy E. Martin, His Wife, Appellants,
v.
Michael PAUNOVICH and Elisabeth Paunovich, His Wife, Appellees.
No. 93-55.
District Court of Appeal of Florida, Fifth District.
December 23, 1993.
Order on Rehearing March 4, 1994.
*612 Timothy M. Goan, Kinsey Vincent Pyle, P.A., Daytona Beach, for appellants.
Scott W. Cichon, Cobb, Cole & Bell, Daytona Beach, for appellees.
PER CURIAM.
AFFIRMED.
GOSHORN and DIAMANTIS, JJ., concur.
GRIFFIN, J., dissents with opinion.
GRIFFIN, Judge, dissenting.
I respectfully dissent. The issue in this case concerns the lower court's award of attorney's fees. In 1990, Mr. and Mrs. Paunovich ["appellees"] filed suit against the Martins. Initially, the complaint was filed in a single count, claiming various breaches of a lease. Subsequently, a conversion count was added, alleging wrongful removal of signs, fans and a chandelier from the premises when the tenants, the Martins, vacated the premises. Ultimately, the same facts on which the conversion claim was based were brought as a claim for civil theft in a third count. The Martins filed an answer, affirmative defenses and counterclaim.
Ultimately, the trial court entered a directed verdict in favor of appellees on certain of their claims, and directed a verdict in favor of the Martins on certain of their claims, including their right to a $10,000 set-off and on appellees's claim for civil theft. The jury then entered a verdict in favor of the Martins on appellees's claim for waste and the claimed lease extension. The jury found for appellees on the wrongful removal claim. The net amount of the verdict was $48,239.00.
Appellees' claim for attorney's fees was $83,077.74. The sole legal basis for any award of fees in favor of appellees was the original written lease between the appellees and the Martins. Certain of appellees' claims arose out of a consensual holding-over for an additional 25 months and there was no fee entitlement on those claims. Fees were awardable only for claims arising under the lease. At the hearing on the motion for attorney's fees, the trial court awarded appellees all of their attorney's fees on two grounds: first, because under the case of Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla. 1992), appellees prevailed on the "significant issues" in the litigation; and second, because appellees were unable to apportion fees between those claims arising under the lease, for which fees were awardable, and those for which fees were not available.
On appeal, appellees acknowledge that the lower court incorrectly applied the Moritz case. Given the lower court's reliance on Moritz, its conclusion that appellees were entitled to all their fees, without apportionment, is not surprising. My quarrel is with the majority's decision to affirm the award to appellees of every nickel of their attorney's fees claim.
Appellees' position at the fees hearing was that it was "impossible" to apportion any of the fees because all the claims were totally interrelated and, thus, all the attorney's fees were partly allocable to the breach of lease claims. On the face of it, that contention is absurd. Simple reference to the record in this case shows that multiple pleadings were filed, depositions taken and other events occurred that are readily identifiable as being unrelated to the breach of contract claims. An obvious example is the amendment to the complaint by which appellees added the unsuccessful claim for civil theft. Concededly, *613 some portions of the trial, including examination of some witnesses involved in more than one aspect of the case, could not be successfully allocated, and, in those instances, the trial court should award the unallocated fee. It is the fee claimant's burden to establish its fee claim,[1] however, and their assertion of inability to allocate in the face of a plain record showing that at least some allocation is possible, should not be permitted to succeed.
The unfairness of the result in this case is reinforced by the deposition of counsel for appellees, which was taken by counsel for the Martins four days before the fees hearing. The purpose of the deposition, in preparation for the fees hearing, was to discover what appellees' allocated fee claim would be and how counsel had gone about the allocation. Counsel for appellees refused to testify about the basis for their fee claim, however, claiming it was "work product". There ensued a long and fruitless effort on the Martins' part to obtain some idea of the allocation. The following exchange is typical:
Q: Were you able to successfully apportion your time for defense of the counterclaim?
A: I was able to  I am coming up on a good estimate.
Q: What is that estimate?
A: I have not concluded at this time, but I am working on it.
Q: Is that the only issue or time that you have tried to apportion out of your fees?
A: At this moment.
Q: Do you intend to apportion other time?
A: Again, I think that's work product and I'm not going to answer that.
When specifically asked about certain experts or witnesses called to testify on claims on which they did not prevail, counsel "could not recall" whether their testimony related to any other issue. When counsel for the Martins asked opposing counsel about specific entries on the bill and what they related to, counsel refused to answer on the ground that it was "his attorney legal analysis." Counsel did testify in his deposition that appellees were entitled to recover fees for every deposition taken of all defendants' witnesses in the case because at the time they took each deposition, they did not know whether the testimony would relate to a claim for which attorney's fees would be recoverable. Given the position taken by appellees at their counsel's deposition and given the position taken by appellees at the hearing that all allocation was impossible is facially unsustainable, I would reverse the award of attorney's fees in toto.

ON MOTION FOR REHEARING
PER CURIAM.
The final judgment awarding attorney's fees is affirmed. We write simply to inform the bar that the work product privilege cannot be invoked by an attorney in connection with an affirmative claim for recovery of attorney's fees to avoid a discovery inquiry concerning possible apportionment of fees among compensable and noncompensable claims. Where, unlike here, the issue is properly preserved by way of a ruling on a motion to compel, reversible error may be established.
AFFIRMED.
GOSHORN and DIAMANTIS, JJ., concur.
GRIFFIN, J., dissents with opinion.
GRIFFIN, Judge, dissenting on rehearing.
I am glad that, on rehearing, the majority has decided to make clear that counsel's invocation of work product immunity on the allocation issue was improper. However, the majority opinion on rehearing also suggests that the reason why this judgment should be affirmed is that appellant failed to file a motion to compel seeking to obtain responses that appellees' counsel refused to give during his deposition. That is not the point of the appeal or of my dissent, however. The point is simply this: where it is clear on the face of *614 the record that allocation is possible and where the attorney for the party having the burden to allocate has testified under oath both that he can allocate, has done some allocation, and will do further allocation, any ruling by the trial judge that allocation is impossible has to be clearly erroneous.
NOTES
[1] Danis Industries Corp. v. Ground Improvement Techniques, Inc., 629 So.2d 985 (Fla. 5th DCA 1993).