■ GERALD F. FINN, JR., Appellant, v IRENE E. RILEY, Respondent. [609 NYS2d 449] —Crew III, J. Appeals from an order and amended order of the Supreme Court (Travers, J.), entered September 25, 1992 and November 30, 1992 in Albany County, which granted defendant's motion to compel compliance with a notice of discovery and inspection.

Plaintiff, an attorney, commenced this action against defendant, a former client, seeking to recover legal fees and disbursements incurred during defense of a breach of contract action brought against defendant by Anne Plati (hereinafter the *Plati* action). Defendant served a notice of discovery and inspection seeking to inspect the contents of plaintiff's file in the *Plati* action. Upon plaintiff's refusal to allow defendant access to that file, defendant moved to compel disclosure, which motion was granted, and this appeal ensued.

Plaintiff, having failed to move for a protective order, waived his right to object to the notice of discovery and inspection *(see, Holy Spirit Assn. for Unification of World Christianity v New York Prop. Ins. Underwriting Assn.,* 116 AD2d 787, 788). Contrary to plaintiff's assertion, the material sought to be inspected does not constitute attorney's work product thereby precluding its disclosure and excepting it from the waiver rule *(see, supra; see also,* CPLR 3101 [c]). Attorney's work product contemplates material prepared by an attorney on behalf of a client and is shielded from the client's adversaries *(see, Beasock v Dioguardi Enters.,* 117 AD2d 1016). Here, the very client for whom the materials were prepared seeks disclosure in aid of her defense. Plaintiff's remaining arguments have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the order and amended order are affirmed, with costs.