CRAWLEY, Judge,
concurring in part and dissenting in part.
I concur with Judge Monroe’s affir-mance of the trial court’s judgment on all issues except one — the wife’s motion to compel Leathers to comply with her discovery request. First of all, Judge Monroe implies that the discovery issue is not properly before us because the wife did not file a pretrial petition for a writ of mandamus compelling discovery.
“Just because [a party] could have resorted to mandamus as a means of achieving pre-trial review of the trial court’s discovery order does not mean that [she] had to resort to mandamus or be precluded from raising the issue on appeal. See, e.g., Rankin v. First Nat’l Bank of Alabama, 437 So.2d 503 (Ala.1983). If that were the case, every discovery issue that was not the subject of a pre-trial extraordinary writ would be barred from post-trial appellate review.”
Chris Myers Pontiac-GMC, Inc. v. Lewter, 697 So.2d 478, 485 (Ala.Civ.App.1997) *439 (Crawley, J., concurring in part and dissenting in part), affirmed in part, reversed in part, and remanded, Ex parte Lewter, 697 So.2d 478 (Ala.1998).
Second, I do not believe that an attorney seeking to recover a fee from a former client can interpose a claim of “work product” when that client makes a request to discover materials in her own file. See, e.g., Martin v. Paunovich, 632 So.2d 611 (Fla.Dist.Ct.App.1993); Finn v. Riley, 202 A.D.2d 880, 609 N.Y.S.2d 449 (1994).
ROBERTSON, P.J., concurs.