Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.

■ JOHANSON RESOURCES, INC., et al., Appellants-Respondents, v ROBERT LAVALLEE, Respondent-Appellant, et al., Defendant. (Action No. 1.) N. ERIC JOHANSON et al., Appellants-Respondents, v ROBERT LAVALLEE, Respondent-Appellant, et al., Defendant. (Action No. 2.) ROBERT LAVALLEE, Respondent-Appellant, v JOHANSON RESOURCES, INC., et al., Appellants-Respondents, et al., Defendants. (Action No. 3.) ROBERT LAVALLEE, Respondent-Appellant, v N. ERIC JOHANSON et al., Appellants-Respondents. (Action No. 4.) [706 NYS2d 266] —Carpinello, J. (1) Appeal, in action No. 1, from an order of the Supreme Court (Dawson, J.), entered April 27, 1999 in Essex County, which, *inter alia*, denied plaintiffs' motion for an order of seizure relating to certain logging equipment, and (2) cross appeals from an order of said court, entered November 12, 1999 in Essex County, which, *inter alia*, denied a cross motion by defendant Robert LaVallee for partial summary judgment declaring the equipment rental agreement void as usurious.

Cross appeals, in action No. 2, from an order of the Supreme Court (Dawson, J.), entered November 12, 1999 in Essex County, which, *inter alia*, denied plaintiffs' motion pursuant to CPLR 7503 to compel arbitration and stay the pending civil litigation and denied defendant Robert LaVallee's cross motion for partial summary judgment and sanctions.

Cross appeals, in action No. 3, from an order of the Supreme Court (Dawson, J.), entered November 12, 1999 in Essex County, which, *inter alia*, denied defendants' motion pursuant to CPLR 7503 to compel arbitration and stay the pending civil litigation and denied plaintiff's cross motion for an order directing that a closing date be set for his purchase of certain logging equipment.

Cross appeals, in action No. 4, from an order of the Supreme Court, entered November 12, 1999 in Essex County, which, *inter alia*, denied a motion by defendants N. Eric Johanson, Johanson Resources, Inc. and Johanson Clintonville, Inc. pursuant to CPLR 7503 to compel arbitration and stay the pending civil litigation and denied plaintiff's cross motion for an order of seizure relating to certain logging equipment.

The genesis of the four actions before this Court which have been consolidated for appeal is a business relationship gone awry between N. Eric Johanson (and three corporations of which he is president and majority shareholder)* and Robert LaVallee. Johanson, personally and through his corporations, owns hundreds of acres of forest land in a tricounty region in northern New York on which he harvests and sells timber. LaVallee is an experienced logger who was hired by Johanson to maintain these forest properties, run his logging operations and purchase real and personal property in furtherance of these forestry activities. To this end, the parties entered into two contracts on July 2, 1998, an "Equipment Rental Agreement" (hereinafter the lease) and a "Property Management Contract" (hereinafter the management contract).

Pursuant to the lease, Johanson agreed to purchase several pieces of logging equipment which were leased to LaVallee, who agreed to pay a monthly rental fee and to insure the equipment. LaVallee was also given the right to use additional logging equipment owned by Johanson. Under the management contract, LaVallee was to manage Johanson's existing forest properties and to identify additional parcels to be purchased for logging purposes. It was specifically intended that all property currently owned by Johanson and all subsequently purchased parcels would be managed to enjoy the tax benefits of Real Property Tax Law § 480-a. In return, LaVallee was entitled to the first cut of timber on all property, plus management fees. Both the lease and the management contract contain an arbitration clause.

Suffice it to say, the parties' business relationship began to deteriorate in early 1999 amid reciprocal allegations of impropriety. LaVallee claims that between January and March 1999 he submitted bills for services under the management contract but Johanson refused to pay them (Johanson denies ever receiving these bills). Johanson claims that LaVallee failed to make the monthly lease payments, failed to properly manage the property under Real Property Tax Law § 480-a and failed to account for all timber cut. On February 8, 1999, LaVallee was served with a written notice that he was in default of the lease for failing to make six lease payments totaling $121,227.60; the notice gave him 30 days to cure. Shortly thereafter, LaVallee entered Johanson's property and removed all

* The corporations named as parties in one or more of these four actions are Johanson Resources, Inc., Johanson Clintonville, Inc. and Johanson Belmont, Inc. For simplicity, each corporation individually and/or collectively will be referred to as Johanson.

loaned and leased equipment to the property of a family member. The total value of this secreted equipment, according to Johanson, is over $1.6 million. To date, the equipment remains on this property unused by either party.

Within days of LaVallee's removal of the equipment, Johanson commenced action No. 1 seeking damages for breach of contract (i.e., the lease) and immediate replevin of his equipment. He simultaneously moved by order to show cause for seizure of the subject equipment pursuant to CPLR article 71. Prior to filing an answer in this action (i.e., on March 25, 1999), LaVallee sought arbitration which Johanson opposed on a procedural ground and because the lease permitted him to retake possession of the equipment by way of a summary proceeding. Finding "[s]harp, fundamental conflicts" concerning its ownership, Supreme Court denied Johanson's motion for seizure of the leased and loaned equipment on April 27, 1999. In his subsequently served answer, LaVallee asserted three counterclaims against Johanson, each of which arises out of the lease and management contract. Thereafter, Supreme Court denied a July 1, 1999 motion by Johanson to compel arbitration of all claims in action No. 1. The court also denied a cross motion by LaVallee for summary judgment declaring the lease void as usurious.

On April 12, 1999, Johanson commenced action No. 2 against LaVallee and another for accounting, breach of contract (i.e., the management contract), replevin of various business records in LaVallee's possession and trespass. LaVallee answered asserting numerous counterclaims, including claims for breach and wrongful termination of the management contract. On July 1, 1999, Johanson apparently attempted to discontinue action No. 2. Thereafter, Supreme Court found Johanson's attempt to "discontinue" ineffectual, denied his July 22, 1999 motion to compel arbitration in the action and denied LaVallee's cross motion for partial summary judgment on his wrongful termination claim.

On October 1, 1999, LaVallee commenced a declaratory judgment action—action No. 3—seeking a declaration that he properly exercised an option to purchase under the lease. Supreme Court denied Johanson's motion to compel arbitration in this action and LaVallee's cross motion for summary judgment setting a closing date for purchase of the equipment. LaVallee also commenced action No. 4 on October 1, 1999 seeking general, special and punitive damages as a result of allegations that Johanson removed, or caused to be removed, his personal logging equipment from a work site in Franklin

County. In this action, Supreme Court denied LaVallee's motion for an order directing seizure and return of this equipment and Johanson's cross motion to compel arbitration. The numerous orders entered in these cases have generated a multitude of appeals and cross appeals by the parties.

The first of two issues which warrant comment by this Court concerns whether Johanson has waived his right to arbitrate all claims arising out of the lease and management contract. We begin by noting that although "[n]ot every foray into the courthouse effects a waiver of the right to arbitrate" (*Sherrill v Grayco Bldrs.*, 64 NY2d 261, 273), a contractual right to arbitrate may be waived or abandoned if the party invoking arbitration "manifest[s] a preference 'clearly inconsistent with [his] later claim that the parties were obligated to settle their differences by arbitration'" (*id.*, at 272, quoting *Matter of Zimmerman v Cohen*, 236 NY 15, 19). A manifestation of such intent may be found where that party affirmatively seeks the benefits of litigation (*see, id.*, at 273; *see also, De Sapio v Kohlmeyer*, 35 NY2d 402, 405). As noted in *Great N. Assocs. v Continental Cas. Co.* (192 AD2d 976, 979), "[w]hile there are many actions which can manifest a waiver, one of the more common is the prior commencement of a judicial action or proceeding wherein the claims sought to be redressed embrace the same issues as those contained in the claim for which arbitration is sought."

If the only relief sought by Johanson in action Nos. 1 and 2 had been replevin, we would agree that no waiver of the right to arbitration was effectuated by him (*compare, Matter of Assael v Assael*, 132 AD2d 4; *Board of Educ. v Reuther*, 58 AD2d 637) since a party does not waive the right to arbitration by merely "mov[ing] in court for protective relief in order to preserve the *status quo* while at the same time exercising [his] right under the contract to demand arbitration" (*Preiss/ Breismeister Architects v Westin Hotel Co.*, 56 NY2d 787, 789). Johanson, however, is not a party who merely sought to preserve the status quo while arbitration was simultaneously demanded or pending (*cf., Zaubler v Castro*, 23 AD2d 877); rather, he asserted arbitrable issues in two separately commenced actions, most significantly, breach of contract claims based on the lease and the management contract (*see, Matter of Hawthorne Dev. Assocs. v Gribin*, 128 AD2d 874). Said differently, it cannot be fairly stated that the claims asserted in action Nos. 1 and 2 constitute "litigation of separate and distinct claims" from those to be arbitrated such that no waiver has occurred (*PromoFone, Inc. v PCC Mgt.*, 224 AD2d 259, 260; *see, Denihan v Denihan*, 34 NY2d 307, 310).

In addition to commencing two actions, Johanson initiated discovery in action No. 1 by serving discovery demands on LaVallee, including a demand for requests for admissions (*cf., Matter of Riggi [Wade Lupe Constr. Co.]*, 176 AD2d 1177). Moreover, when these discovery requests were neither answered nor objected to by LaVallee, Johanson apparently moved to compel. In an affirmation in support of this motion, Johanson's attorney accused LaVallee of delaying a resolution of the matter by refusing to cooperate with discovery, discussed the need for the requested documents to prepare for depositions, suggested that it was "a particularly convenient time" to depose LaVallee and argued that production of the documents would expedite his preparation of the case for trial. These statements most assuredly "reflect[ ] a positive and unequivocal election [by Johanson] to ignore his * * * arbitration rights" and proceed in a judicial forum against LaVallee (*Great N. Assocs. v Continental Cas. Co., supra*, at 978-979). Given these circumstances, we are of the view that Johanson manifested an intention to pursue all claims against LaVallee through the judicial process rather than to resolve them through arbitration and therefore waived the right to arbitration (*see, e.g., Levkoff-Sennet Partnership v Levkoff*, 154 AD2d 352; *Matter of Spirs Trading Co. v Occidental Yarns*, 73 AD2d 542; *Matter of United Paper Mach. Corp. [Di Carlo]*, 19 AD2d 143, *affd* 14 NY2d 814; *Oklahoma Publ. Co. v Parsons & Whittemore*, 255 App Div 589), as all of Johanson's acts in action Nos. 1 and 2 were inconsistent with his later claims that the parties were obligated to settle their differences by arbitration (*see, Zimmerman v Cohen*, 236 NY 15, 19, *supra; cf., Matter of Riggi [Wade Lupe Constr. Co.], supra*). As a final matter on this issue, we are unpersuaded that Johanson's ineffectual attempt to discontinuance action No. 2 revived his right to arbitration. Indeed, an "unequivocal, prior waiver may not be unilaterally recalled" (*Rusch Factors v Fairview Mfg. Co.*, 34 AD2d 635; *see, Sherrill v Grayco Bldrs.*, 64 NY2d 261, 274, *supra*).

We agree, however, with Johanson's contention that Supreme Court improvidently exercised its discretion in denying his motion for an order of seizure. In our view, the papers submitted in support of seizure fulfilled the requirements of CPLR 7102 (c), particularly the necessity of demonstrating that Johanson had a superior possessory right to the equipment and that same was being wrongfully held by LaVallee. This showing went uncontroverted by LaVallee, whose opposition consisted solely of his attorney's affidavit. To this end, we note that Johanson has demonstrated that he is willing and capable of providing an undertaking in an amount equal to twice the

value of the equipment in compliance with CPLR 7102 (a) and (e). We accordingly remit the matter to Supreme Court for entry of such order.

The remaining arguments raised by the parties have either been rendered academic given our above findings or have been reviewed and found to be unavailing.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order entered April 27, 1999 in action No. 1 is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for seizure of equipment; said order granted; and, as so modified, affirmed. Ordered that all remaining orders are affirmed, without costs.