■ JOHANSON RESOURCES, INC., et al., Respondents, v ROBERT LA VALLEE, Appellant. [728 NYS2d 569] —Carpinello, J. Appeal from an order of the Supreme Court (Dawson, J.), entered June 6, 2000 in Essex County, which, *inter alia*, granted plaintiffs' motion to set aside the exceptions to sufficiency of the surety on an undertaking.

On a prior appeal in this case and three related cases arising out of the parties' failed business relationship, we concluded, *inter alia*, that Supreme Court improvidently exercised its discretion in denying plaintiffs' motion for an order of seizure pursuant to CPLR 7102 and remitted the matter to Supreme Court for entry of such an order (271 AD2d 832, 836). Upon remittal, plaintiffs secured an undertaking issued by Amwest Surety Insurance Company in an amount equal to twice the value of the equipment to be seized (*see*, CPLR 7102 [a], [e]). Defendant thereafter served a notice of exception objecting to the form and sufficiency of the undertaking (*see*, CPLR 2506). Upon plaintiffs' motion (*see*, CPLR 2507 [a]), the court set aside the exceptions and ordered the release of the seized equipment to plaintiffs. Defendant appeals.

We reject defendant's claim that a motion to confirm the order of seizure was required under CPLR 7102 (d) (4), as that requirement only applies when an order of seizure is granted without notice. Plaintiffs' original motion for an order of seizure was on notice to defendant, who opposed. On the prior appeal, we concluded that plaintiffs' motion papers were sufficient to satisfy the requirements for an order of seizure (*see*, CPLR 7102 [c]) and that defendant's opposition, which consisted of an attorney's affidavit, was insufficient to defeat the motion. In these circumstances, CPLR 7102 (d) (4) is clearly inapplicable to the order of seizure issued by Supreme Court in compliance with our remittal.

Defendant's claim that Supreme Court abused its discretion in failing to permit an examination of the surety is also without merit. The Amwest undertaking was signed by Amwest's attorney-in-fact, as authorized by Insurance Law § 1111 (b) (1), and the court properly accepted the certificate of authority issued by the Superintendent of Insurance to Amwest in lieu of justification (*see*, CPLR 2507 [a]; Insurance Law § 1111 [c]). Defendant's additional argument, which appears to be a jurisdictional one, was not raised by appropriate motion (*see*, CPLR 306-b) and, in any event, concerns plaintiffs' entitlement to an order of seizure which was previously resolved by this

Court on the prior appeal. Supreme Court did not err in setting aside defendant's exceptions to the surety and, therefore, the order is affirmed.

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs.