■ Ciao Europa, Inc., Appellant, v Silver Autumn Hotel (N.Y.) Corporation, Ltd., Respondent. [735 NYS2d 526] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 12, 2001, dismissing the complaint pursuant to an order, same court and Justice entered July 10, 2001, which, in an action by a commercial tenant against its landlord for breach of lease, insofar as challenged, denied plaintiff's motion to compel defendant to proceed to arbitration, or, in the alternative, to vacate a prior order dismissing plaintiff's cause of action for breach of lease without prejudice, and dismissed the complaint, unanimously affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Plaintiff made a motion in a prior action between the parties for leave to interpose the identical alleged breach of contract at issue in this action. That motion was denied "without prejudice to renew after plaintiff has exhausted its remedies in arbitration." Instead of demanding arbitration or appealing an order that effectively compelled arbitration, plaintiff, more than three years after such order was entered, commenced this action, which defendant promptly challenged with a motion to dismiss. That motion was properly granted on the ground that plaintiff's two attempts to litigate its breach of lease claim manifested a preference clearly inconsistent with its present claim that the parties are obligated to arbitrate such claim, and thus plaintiff waived any right it had to arbitrate (citing *Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272; *see also, Johanson Resources v LaVallee*, 271 AD2d 832, 835). We reject plaintiff's argument that the prior order dismissing its claim without prejudice for lack of allegation or proof that it had exhausted its arbitration remedies created law of the case that its arbitration remedies were still available. Rather, the prior order simply called for plaintiff to present proof that it had pursued arbitration. Upon plaintiff's failure to do so, its breach of lease claim was properly dismissed with prejudice. Concur—Mazzarelli, J.P., Andrias, Ellerin and Rubin, JJ.