■ JOHANSON RESOURCES, INC., Respondent, v ROBERT LA VALLEE, Appellant. (And Four Related Actions.) [748 NYS2d 435] —Carpinello, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered June 26, 2001 in Essex County, which, inter alia, granted defendant John T. Wilkins' motion to disqualify attorney Livingston Hatch.

This appeal has its genesis in a business relationship gone

awry between Robert La Vallee and N. Eric Johanson, personally and as president of three corporations (hereinafter collectively referred to as Johanson). Johanson owns hundreds of acres of forest land in a tricounty region in northern New York on which he harvests and sells timber. La Vallee is an experienced logger who was hired by Johanson to maintain these forest properties, run his logging operations and purchase real and personal property in furtherance of these forestry activities. When the business relationship soured, Johanson commenced three actions against La Vallee for breach of contract and recovery of certain logging equipment. La Vallee commenced two actions against Johanson seeking a declaration of his contractual rights and damages for Johanson's seizure of certain other equipment. Attorney John T. Wilkins, who then represented Johanson, was included as a defendant in one of the actions commenced by La Vallee.

In the first of two prior appeals, this Court affirmed Supreme Court's denial of Johanson's motion to compel arbitration and reversed its denial of Johanson's motion for seizure of certain logging equipment (271 AD2d 832). Upon remittal, Supreme Court ultimately set aside La Vallee's objections to the undertaking obtained by Johanson and ordered the release of the seized equipment to Johanson. This Court affirmed Supreme Court's order (285 AD2d 761). Johanson thereafter moved for various relief, including an order joining the actions, compelling La Vallee's compliance with discovery demands, directing delivery to Johanson of the owners manuals and other documents pertaining to the seized equipment, and holding La Vallee in contempt for failing to comply with the seizure order. Wilkins, who was no longer Johanson's counsel, moved to disqualify La Vallee's counsel, Livingston Hatch, on the ground that Hatch would be a witness in the trial of the action against Wilkins. Supreme Court granted some of the requested relief, including a direction that La Vallee comply with discovery demands and the disqualification of Hatch. La Vallee appeals.

La Vallee first contends that Supreme Court erred in directing him to comply with the discovery demands. He claims that he properly treated these demands as a nullity until Johanson's motion to compel arbitration was finally resolved by this Court and, thus, Supreme Court should have directed that the demands be re-served on him to permit him to impose unspecified objections. Inasmuch as this Court viewed the discovery demands as indicative of Johanson's election to pursue a judicial remedy rather than arbitration (271 AD2d 832, 836, *supra*), the demands clearly were not a nullity and La Vallee

had no basis to treat them as such. Having elected to ignore them rather than seek a protective order pursuant to CPLR 3122, La Vallee waived his right to object (*see Finn v Riley*, 202 AD2d 880). We see no basis for directing re-service of the demands for the sole purpose of reviving La Vallee's right to object.

With regard to La Vallee's claim that two of the discovery demands were never properly served on him, we note that the demands were included among the papers submitted in support of Johanson's motion to compel compliance. Instead of raising any claim of lack of proper service, La Vallee responded to the motion by noting that many of the discovery items had been provided and by requesting an adjournment to permit a review of the demands to determine which items had not been provided. Nearly 11 months later, La Vallee supplemented his response to the motion and for the first time claimed that two of the demands had not been properly served. A trial court has broad discretion in controlling discovery (*see Saratoga Harness Racing v Roemer*, 290 AD2d 928, 930) and we see no abuse of that discretion in Supreme Court's determination to compel compliance, especially in light of the timing of La Vallee's claim of improper service.

La Vallee next contends that there were certain defects in Johanson's motion papers seeking to hold La Vallee in contempt. However, since the order on appeal did not find La Vallee in contempt and did not impose any punishment, he clearly was not prejudiced by the claimed defects. Finally, with regard to the disqualification of Hatch, the record contains an allegation by La Vallee that, during a settlement conference not on the record, Wilkins made false assurances that the status quo would be maintained at a time when his client was resorting to self-help repossession of certain equipment that belonged to La Vallee. Hatch's presence when the assurance was allegedly made demonstrates that his testimony is necessary (*see generally Bullard v Coulter*, 246 AD2d 705, 706) and that, therefore, he "ought to be called as a witness" (Code of Professional Responsibility DR 5-102 [a] [22 NYCRR 1200.21 (a)]). Although La Vallee now claims that Hatch cannot be questioned about settlement discussions because they are confidential, he waived any such claim by suing Wilkins and affirmatively raising the issue of the assurance allegedly made by him during those discussions. We conclude, therefore, that there is no basis to disturb Supreme Court's order.

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.