■ In the Matter of the Dissolution of BEVERWYCK ABSTRACT, LLC. DOUGLAS ENGLES et al., Appellants; GATEWAY TITLE AGENCY, LLC, Respondents. [861 NYS2d 854]—

Rose, J. Appeal from an order of the Supreme Court (Platkin, J.), entered July 24, 2007 in Albany County, which, in a proceeding pursuant to Limited Liability Company Law § 702, denied petitioners' motion to set the date of dissolution of Beverwyck Abstract, LLC to be February 17, 2003.

Petitioners formed Beverwyck Abstract, LLC, a New York limited liability company, to provide discounted title insurance services to their existing real estate and mortgage brokerage firms. Respondent Gateway Title Agency, LLC was brought in as a minority member to perform those services for Beverwyck. On February 17, 2003, after problems arose among Beverwyck's members, they met to discuss termination of Gateway's services to Beverwyck. When Gateway refused to resign or withdraw its membership interest in Beverwyck, petitioners sought its judicial dissolution. Following a nonjury trial, Supreme Court (Spargo, J.) dissolved Beverwyck by an order dated May 26, 2005. After differing accounting reports were filed because the parties could not agree on the effective dissolution date of Beverwyck, petitioners made a motion in limine to set the date of dissolution as February 17, 2003. Instead, Supreme Court (Platkin, J.) found the date to be May 26, 2005, the date of judicial dissolution, prompting this appeal by petitioners.

We cannot agree with petitioners' heavy reliance upon case law regarding the dissolution of at-will partnerships and joint ventures to support their contention that the parties' fiduciary duties to each other as members of a limited liability company ended when they met and decided on February 17, 2003 that Gateway would no longer provide title insurance services to Beverwyck. The pertinent provisions of the Limited Liability Company Law and Beverwyck's operating agreement provide sufficient guidance here. Limited Liability Company Law § 701 provides for nonjudicial dissolution of a limited liability company upon "(2) the happening of events specified in the operating agreement" or "(3) . . . the vote or written consent of at least a majority in interest of the members." In article IX, Beverwyck's operating agreement similarly provides for dissolution upon the vote or written consent by a majority or a decree of judicial dissolution pursuant to the Limited Liability Company Law.

Here, it is uncontroverted that there was no formal vote or written consent of the majority of the members to dissolve. Inasmuch as they failed to do so, petitioners' argument that they could have unilaterally dissolved Beverwyck because they held a majority interest is unavailing. In addition, the parties' agreement in February was only to end Gateway's services. Dissolution was not discussed and Gateway continued to be a member. Absent written consent or formal vote of a majority of members, the only means of dissolution recognized by the operating agreement and applicable statute was by judicial dissolution. Accordingly, Supreme Court correctly determined the date of Beverwyck's dissolution.

Mercure, J.P., Spain, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.