CHRISTOPHER'S PARTNER, LLC, Respondent, v CHRISTOPHER'S OF COLONIE, LLC, Appellant. CAROL STYKES-RUA, Proposed Intervenor-Appellant. [893 NYS2d 689]—

Lahtinen, J.

Defendant, a limited liability company, operated a men's clothing store in Colonie Center mall in the Town of Colonie, Albany County. It is owned by two members; plaintiff, a limited liability corporation owned solely by David Juneau, and Carol Stykes-Rua, the proposed intervenor.[1] In October 2007, plaintiff loaned $125,000 to defendant and, in return, received a promissory note. The terms of the note provided, among other things, that plaintiff had a floating interest in defendant's inventory, accounts receivables, cash, chattel paper, equipment and general intangibles. Asserting that defendant failed to make payments required by the note, plaintiff commenced this action in July 2008 seeking the amount due on the note and a judgment awarding it possession of defendant's assets. Plaintiff obtained, via order to show cause, a temporary restraining order enjoining defendant from transferring or selling any of its assets while this action was pending. Defendant moved to vacate the temporary restraining order. Plaintiff filed an amended complaint alleging that defendant further defaulted on the note

---

1. Stykes-Rua's husband, Vincent Rua, was defendant's general manager.

by failing to pay its rent due in June and July 2008. Supreme Court denied defendant's motion to vacate the temporary restraining order and scheduled a hearing to determine whether plaintiff had waived its right to claim that defendant was in default on the note for failing to pay its rent.

Prior to the hearing, defendant renewed its application to vacate the temporary restraining order, arguing that it had entered into an agreement with its landlord under which it renegotiated the terms of its lease and, as a result, was no longer in default on its rental obligations. Defendant went on to claim that any default on its rental obligations had been vacated by the new agreement that it had with the landlord, and plaintiff should not be allowed to use its failure to pay rent as a basis for declaring that defendant had defaulted on the promissory note. After an evidentiary hearing, Supreme Court found that defendant was in default on the note and issued an order, entered November 6, 2008, denying defendant's motion to renew and granting plaintiff's application to seize defendant's assets upon the filing of an undertaking in the amount of $250,000.

After the order of seizure was issued, plaintiff, on November 7, 2008, filed an undertaking secured by real property owned by a corporation for which Juneau was the sole shareholder. Stykes-Rua, individually and on behalf of defendant, filed a notice of exception to the sufficiency of this undertaking and renewed her application to intervene in this action. While this motion was pending, plaintiff substituted a security bond for the initial undertaking (see CPLR 2507 [a]). In a January 2009 order, Supreme Court approved this new undertaking nunc pro tunc and denied Stykes-Rua's motion to intervene.[2] In February 2009, defendant sought an order requiring that plaintiff pay certain expenses incurred by the business after the temporary restraining order was issued and prior to the issuance of the order of seizure. Supreme Court denied this application in a March 2009 order. Defendant and Stykes-Rua appeal.

Initially, defendant argues that plaintiff's application for an order to seize its assets should have been denied because such action is at odds with a provision in the company's operating agreement that bars any member from performing "any act that would make it impossible [for defendant] to carry on [its] ordinary business." However, this agreement does allow members of the company to loan it money and defendant, in accepting the loan, agreed to a provision that allowed plaintiff to unilaterally accelerate all that was due and owing on the prom-

---

2. Stykes-Rua makes no argument on appeal with respect to the denial of her motion to intervene.

issory note upon the occurrence of a default. Moreover, any member of a limited liability company who becomes a creditor has "the same rights and obligations with respect thereto as a person who is not a member" (Limited Liability Company Law § 611). Given plaintiff's status as a secured creditor, it had the legal right under its agreement to seize defendant's assets to protect its financial interest and such action was not inconsistent with any fiduciary obligation it might have owed defendant as a member of the company (*see generally Matter of Beverwyck Abstract, L.L.C.*, 53 AD3d 903, 904 [2008]).

Defendant also claims that plaintiff violated the security agreement by not providing it with notice that it would move against defendant's assets to satisfy the debt owed on the promissory note. However, plaintiff, in a series of e-mails sent by Juneau to defendant in July and August 2008, repeatedly voiced concern regarding the company's financial condition and stated that it intended to take "appropriate actions to protect it's [*sic*] interest." Since defendant knew, as previously noted, that plaintiff had the right to accelerate the debt owed on the promissory note in the event of a default, it was on notice that plaintiff could exercise its rights under the security agreement (*see* Limited Liability Company Law § 611) and pursue an order of seizure to protect its financial interests.

As for Supreme Court's decision allowing plaintiff to file a substitute undertaking (*see* CPLR 2506), the bond provided sufficient protection for any loss that defendant might suffer if it ultimately prevailed in this action and, at the same time, satisfied plaintiff's obligation as set forth in the court's order. Defendant, while objecting to the process employed by plaintiff in filing the substitute undertaking, has not claimed that the bond is insufficient to secure the undertaking, or that it is invalid. Therefore, defendant's challenge to this substitute undertaking was properly denied (*see Johanson Resources v La Vallee*, 285 AD2d 761, 761 [2001]).

Finally, we affirm Supreme Court's order denying defendant's application that plaintiff be compelled to reimburse it for certain expenditures that were incurred by the business between the time the temporary restraining order was issued (July 21, 2008) and the order authorizing the seizure of defendant's assets was entered (Nov. 6, 2008). The court, when it issued the temporary restraining order, specifically authorized defendant to renew its application to vacate this order if the parties were unable to agree on the payment of essential business expenses that had to be paid to keep the business in operation. Given that during this period defendant only made one claim for the

1278

payment of such an expense—that being the payment of fees owed its general manager and litigation counsel—its belated application to recoup other expenses incurred during this period was properly denied.

Peters, J.P., Rose and Garry, JJ., concur; Kavanagh, J., not taking part. Ordered that the orders are affirmed, with costs.