# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

318

CA 10-01165

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND GORSKI, JJ.

---

FRANK MCGUIRE, ET AL., PLAINTIFFS,
AND MCGUIRE CHILDREN, LLC,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIAM L. HUNTRESS, ACQUEST HOLDINGS, INC.,
ACQUEST DEVELOPMENT, LLC, ACQUEST GOVERNMENT
HOLDINGS OPP, LLC, ACQUEST GOVERNMENT HOLDINGS,
U.S. GEOLOGICAL, LLC, AND LINCOLN PARK
ASSOCIATES, LLC, DEFENDANTS-APPELLANTS.
(APPEAL NO. 2.)

---

HAGERTY & BRADY, BUFFALO (MICHAEL A. BRADY OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

MATTAR, D'AGOSTINO & GOTTLIEB, LLP, BUFFALO (KRISTA GOTTLIEB OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John M. Curran, J.), entered January 19, 2010. The judgment dismissed the amended complaint of plaintiff McGuire Children, LLC and the counterclaim of defendants.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendants appeal from a judgment following a nonjury trial that dismissed the amended complaint of plaintiff McGuire Children, LLC (McGuire Children) and dismissed defendants' counterclaim for an award of attorneys' fees against McGuire Children based on the general release executed by plaintiffs. The court determined, inter alia, that defendant William L. Huntress breached a fiduciary duty that he owed to McGuire Children but that McGuire Children failed to establish that they sustained any damages as a result of that breach. We affirm.

The facts relevant to this appeal are essentially undisputed. Beginning in 1997, Huntress and plaintiff Frank McGuire, personally and through their various business entities, were involved in a series of real estate ventures. The two formed a number of limited liability companies that invested in property that was to be leased to the federal government (hereafter, Government Property LLCs). McGuire loaned Huntress the funds to purchase the properties, and Huntress was

responsible for managing their development.  A separate Government Property LLC was formed for each project.  In addition to being entitled to repayment of the loans with interest, McGuire also received equity interests in the Government Property LLCs.  For estate planning purposes, McGuire thereafter assigned his equity interests in the Government Property LLCs to McGuire Children, an LLC owned by his children.  There were thus two members of the Government Property LLCs:  Huntress and McGuire Children.

By 2001, the Government Property LLCs were experiencing financial difficulties, and some of the properties still had not been developed. In October 2001, the parties reached an oral agreement whereby Huntress would pay off the loans he obtained from McGuire with interest and release McGuire from any obligations with respect to the Government Property LLCs, in exchange for which Huntress would receive McGuire Children's equity interests in the Government Property LLCs. Pursuant to that agreement, McGuire Children would receive nothing for its equity interests in the Government Property LLCs.  During that time, Huntress was negotiating with a third party, iStar Financial (iStar), to sell several of the Government Property LLCs in order to obtain funds to satisfy the loans to McGuire.  Huntress did not disclose such negotiations to McGuire or McGuire Children, who were not aware that iStar was interested in purchasing the properties. Huntress thereafter closed his deal with McGuire and McGuire Children, using funds loaned from iStar to pay off the loans from McGuire in March 2002, on the same day that he closed his deal with iStar. Plaintiffs executed a general release providing that, inter alia, if any of them commenced a lawsuit against defendants concerning matters covered by the release, such party would be liable for attorneys' fees and court costs incurred by defendants.

Upon learning of the deal between Huntress and iStar, plaintiffs commenced this action for, inter alia, fraud and breach of fiduciary duty.  Following the liability portion of the bifurcated nonjury trial, Supreme Court determined that, by failing to disclose his dealings with iStar, Huntress breached a fiduciary duty that he owed to McGuire Children.  The court determined after the damages portion of the bifurcated trial, however, that McGuire Children sustained no damages as a result of that breach of fiduciary duty.  The court also dismissed defendants' counterclaim for an award of attorneys' fees pursuant to the general release.

Defendants contend that the fiduciary duty that Huntress owed to McGuire Children ceased in October 2001, when Huntress and McGuire orally agreed that Huntress would buy out the equity interests of McGuire Children, despite the fact that the deal did not close until five months later, in March 2002.  We reject that contention.  As the court properly determined, Huntress continued to owe fiduciary duties to McGuire Children, as the minority member of the Government Property LLCs, until those LLCs were actually dissolved (*see Matter of Beverwyck Abstract L.L.C.*, 53 AD3d 903; *Madison Hudson Assoc. LLC v Neumann*, 44 AD3d 473, 482-483).  The cases upon which defendants rely in support of their contention are distinguishable because they involve at-will agency and partnership relationships (*see Beverwyck*

*Abstract L.L.C.*, 53 AD3d at 904).

We reject the further contention of defendants that reliance is an element of a cause of action for breach of fiduciary duty.  The elements of such a cause of action are "the existence of a fiduciary duty, misconduct by the defendant[s] and damages that were directly caused by the defendant[s'] misconduct" (*Kurtzman v Bergstol*, 40 AD3d 588, 590; *see Colello v Colello*, 9 AD3d 855, 859).  We reject defendant's contention that the First Department in *Littman v Magee* (54 AD3d 14) held otherwise.  The court's reference to a reliance element in that case was only with respect to the plaintiff's fraud claim, not her claim for breach of fiduciary duty (*see id.* at 17).  We thus conclude that plaintiffs were not required to establish that, in deciding to sell McGuire Children's equity interests in the Government Property LLCs, they relied on the assumption that Huntress was not intending to sell the properties to a third party.

Finally, we conclude that the court properly determined that the general release was voidable as a result of the breach of fiduciary duty by Huntress.  " '[A] general release will not insulate a tortfeasor from allegations of breach of fiduciary duty, where he has not fully disclosed alleged wrongdoing' " (*Littman*, 54 AD3d at 17; *see Blue Chip Emerald v Allied Partners*, 299 AD2d 278, 280).  Indeed, it would be unjust to allow a party who has committed a wrong to collect attorneys' fees from the party that has been wronged.

Entered:  April 1, 2011                     Patricia L. Morgan
                                            Clerk of the Court