OPINION OF THE COURT
Elizabeth Hazlitt Emerson, J.
It is ordered that this motion by the defendants for an order staying arbitration of the plaintiffs claim to compel the individual defendant to disgorge corporate funds that were used to pay his legal fees is granted.
In 2002, the plaintiff, Gary Cotugno, and the defendant Anthony Bartkowski entered into a shareholders agreement, which established the parties’ respective shareholder interests in the defendant Hi-Tech Business Systems, Ltd., and a separate compensation agreement. The shareholders agreement provided that any disputes between the parties regarding the agreement or any aspect of the operation of Hi-Tech would be resolved by binding arbitration before an arbitrator appointed by the American Arbitration Association. In October 2010, Cotugno filed an arbitration demand alleging that he had been frozen out of Hi-Tech by Bartkowski, that Bartkowski had wrongfully misappropriated and diverted corporate assets to himself, and that he had failed to pay Cotugno pursuant to the parties’ compensation agreement. Bartkowski counterclaimed alleging that Cotugno was totally disabled within the meaning of the shareholders agreement, which triggered an automatic buyout of Cotugno’s shareholder interest in Hi-Tech.
On October 13, 2011, Cotugno moved by order to show cause, inter alia, for an order enjoining Hi-Tech from paying Bartkowski’s legal fees, enjoining Bartkowski from using Hi-Tech’s money or assets to pay his legal fees, and directing Bartkowski to reimburse Hi-Tech for the legal fees that it had already paid on his behalf (the disgorgement claim or issue). The motion was fully briefed and submitted to the court on October 27, 2011. It was subsequently adjourned until May 10, 2012, when it was withdrawn. On May 25, 2012, Cotugno advised the arbitrator and the defendants that he intended to seek arbitration of the disgorgement issue. On June 14, 2012, the defendants moved by order to show cause to stay arbitration of such issue on the ground that Cotugno had waived his right to arbitrate it. A temporary restraining order was issued pending hearing and determination of the motion.
*919 Like contract rights generally, the right to arbitration may be modified, waived, or abandoned (Sherrill v Grayco Bldrs., 64 NY2d 261, 272 [1985]). When a party affirmatively seeks the benefits of litigation in a manner clearly inconsistent with his later claim that the parties were obligated to settle their differences by arbitration, the right to arbitrate has been waived (Matter of Waldman v Mosdos Bobov, Inc., 72 AD3d 983 [2010], citing Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d 59, 66 [2007]). Not every foray into the courthouse, however, effects a waiver of the right to arbitrate (Sherrill v Grayco Bldrs. at 273). When claims are entirely separate, though arising from a common agreement, no waiver of arbitration may be implied from the fact that resort has been made to the courts on other claims (id.). Moreover, when an urgent need to preserve the status quo requires some immediate action that cannot await the appointment of an arbitrator, waiver will not occur when the plaintiff moves in court for protective relief in order to preserve the status quo while at the same time exercising his right under the contract to demand arbitration (id.).
It is undisputed that the plaintiffs disgorgement claim is arbitrable. The dispute centers on whether, by moving for injunctive relief, the plaintiff waived his right to arbitrate such claim. A party does not waive his right to arbitrate by moving for injunctive relief to preserve the status quo (id.; see also Preiss/Breismeister Architects v Westin Hotel Co.-Plaza Hotel Div., 56 NY2d 787 [1982]). The plaintiffs October 13, 2011 order to show cause sought injunctive relief to preserve the status quo, but it also sought a mandatory injunction, which is used to compel the performance of an act (see Matos v City of New York, 21 AD3d 936, 937 [2005]). The act that the plaintiff sought to compel was reimbursement by Bartkowski of the legal fees that Hi-Tech had paid on his behalf. Such relief, if granted, would have disturbed the status quo and granted Cotugno, pendente lite, at least some of the ultimate relief that he subsequently sought from the arbitrator.* The court finds that, by seeking mandatory injunctive relief, the plaintiff manifested an intent to pursue the disgorgement claim through the judicial process rather than to resolve it through arbitration (see Johanson Resources v LaVallee, 271 AD2d 832, 836 [2000]). By affirmatively seeking the benefits of litigation in a manner clearly inconsistent with his later claim that the parties were obligated to settle *920 the disgorgement issue by arbitration, the plaintiff waived his right to arbitrate that issue (Matter of Waldman v Mosdos Bobov, Inc.). Once waived, the right to arbitrate cannot be regained (Tengtu Intl. Corp. v Pak Kwan Cheung, 24 AD3d 170, 172 [2005]). Thus, the plaintiff did not revive his right to arbitrate the disgorgement issue by withdrawing the October 13, 2011 order to show cause. Accordingly, the motion is granted.

 The disgorgement claim is part of Cotugno’s claim that Bartkowski wrongfully misappropriated and diverted corporate assets.