■ RAY VOLPE, Appellant, v INTERPUBLIC GROUP OF COMPANIES, INC., Respondent. [987 NYS2d 137]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered September 17, 2013, dismissing the complaint and awarding defendant costs in the amount of $425 pursuant

to an order, same court and Justice, entered August 5, 2013, which denied plaintiff's motion to compel arbitration and granted defendant's motion to dismiss the complaint in its entirety, unanimously affirmed, without costs.

The language in the employment agreement between the parties provides that New York law governs the agreement and its enforcement. Thus, as the motion court determined, the question of waiver of arbitration is properly decided by the court, not an arbitrator (*see Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.*, 4 NY3d 247, 253 [2005]). As the motion court found, plaintiff's commencement of this action and his conduct in actively litigating it by defending against defendant's motion constitutes a waiver of his arbitration rights with respect to all of his claims (*see Tengtu Intl. Corp. v Pak Kwan Cheung*, 24 AD3d 170, 172 [1st Dept 2005]; *Ciao Europa v Silver Autumn Hotel [N.Y.] Corp.*, 290 AD2d 216 [1st Dept 2002]).

The motion court properly dismissed plaintiff's complaint in its entirety. The terms of plaintiff's employment agreement bar his claim for breach of a side deal, as well as his ancillary claims, and plaintiff's conclusory allegations are insufficient to state a claim for breach of the employment agreement. Concur—Tom, J.P., Friedman, Renwick, Gische and Clark, JJ.