■ In the Matter of STATE OF NEW YORK—UNIFIED COURT SYSTEM, Respondent, v DISTRICT COUNCIL 37 et al., Appellants. In the Matter of STATE OF NEW YORK—UNIFIED COURT SYSTEM, Respondent, v CITYWIDE ASSOCIATION OF LAW ASSISTANTS et al., Appellants. [994 NYS2d 591]—

Order and judgment (one paper), Supreme Court, New York County (Ellen M. Coin, J.), entered July 30, 2013, permanently staying arbitration, unanimously affirmed, without costs.

The second petition to stay arbitration was not time-barred, although it was served five months after respondents had made a demand for arbitration, because the demand failed to include the requisite notice of the 20-day period for applying for a stay (see CPLR 7503 [c]; Matter of Blamowski [Munson Transp.], 91 NY2d 190, 195 [1997]; Cooper v Bruckner, 21 AD3d 758 [1st Dept 2005]). Nor is the petition barred by laches, given that the parties had stipulated to 30-day pauses in the proceedings pending, inter alia, a decision by the United States Court of Appeal for the Second Circuit in an action involving claims similar to those raised in respondents' arbitration demand and given respondents' failure to show any prejudice resulting from the five-month delay in filing the petition.

Supreme Court correctly found that respondents waived their right to arbitration by commencing an action in the U.S. District Court for the Eastern District of New York (see Sherrill v Grayco Bldrs., 64 NY2d 261 [1985]; Tengtu Intl. Corp. v Pak Kwan Cheung, 24 AD3d 170 [1st Dept 2005]). The claims asserted in the federal action are virtually the same as those asserted in the arbitration proceeding, namely, that petitioner's alleged unilateral action violated the negotiated contract rights of respondents' members, as well as placed a financial burden on the members. Indeed, respondents state that they sought in the federal forum to protect "all claims arising from [petitioner's] unlawful unilateral changes." Moreover, in addition to filing a complaint, respondents opposed petitioner's motions to dismiss and to change venue, without moving to compel arbitration. Concur—Tom, J.P., Sweeny, Renwick, Andrias and Clark, JJ.