## (April 21, 1970)

■ RUSCH FACTORS, INC., Appellant, v. FAIRVIEW MFG. CO., INC., Respondent.— Order entered July 23, 1969 staying the action and directing the parties to proceed to arbitration reversed on the law, with $30 costs and disbursements to plaintiff-appellant, the stay vacated and defendant-respondent's motion denied. The defendant-respondent Fairview by its conduct evidenced unmistakably the intention to waive arbitration and to litigate the controversy in this action. During the period between the service of the summons and complaint on February 5, 1969 and the joinder of issue by the service of its answer on May 15, 1969, the defendant's time to answer was repeatedly extended by stipulation, without reservation of the right to arbitrate. The answer served, verified by the defendant's vice president, fails to allege the right to arbitrate; it put in issue the allegations of the complaint and set up four separate defenses and a counterclaim. The first defense alleges a shortage of delivered material; the second and third defenses allege defects in goods delivered; the fourth defense alleges failure to deliver yardage in accordance with the purchase order. The counterclaim alleged against plaintiff Rusch Factors, Inc., and the codefendant Vyrel Knits, Inc., claims damages in the sum of $25,000 arising from the failure of Vyrel Knits, Inc. to dye and process greige goods in accordance with the instructions of defendant-respondent. Plaintiff's reply was served May 27, 1969. Defendant-respondent on June 2, 1969, about four months after its commencement, obtained a stay of this action by order to show cause, pending its application to compel arbitration. On this record, we hold that defendant-respondent waived its right to arbitrate by failing to reserve or assert it in the stipulations extending its time to answer or its answer, and affirmatively alleging and asserting the partial defenses and counterclaim, without alleging or asserting the right to arbitrate. Assuming that the application to compel arbitration was made before the expiration of the time for the service of an amended answer, the unequivocal, prior waiver may not be unilaterally recalled. *Matter of Zimmerman* v. *Cohen* (236 N. Y. 15) held that plaintiffs made their election to waive arbitration by commencing the action, and the defendant also waived by answering and counterclaiming. *Matter of Hosiery Mfrs. Corp.* v. *Goldston* (238 N. Y. 22) concluded a waiver on the part of the defendant was not established by the service of an answer affirmatively alleging the arbitration agreement and asking for a stay of the action. It may well be that prior to the answer, respondent might have availed itself of its right to arbitrate (*Matter of Haupt* v. *Rose*, 265 N. Y. 108), and, likewise, if it had served an answer without

alleging affirmative defenses and a counterclaim, and thereafter timely amended its answer asserting the right to arbitrate (*Short* v. *National Sport Fashions*, 264 App. Div. 284). However, where, as here, respondent affirmatively seeks relief and counterclaims in the action, it effectively waived the agreement to arbitrate as does a plaintiff who commences an action ignoring the agreement to arbitrate (*Matter of Zimmerman* v. *Cohen, supra*, p. 19). Concur — Capozzoli. J. P., McGivern, McNally, Steuer and Tilzer, JJ.