■ JAMAL HYDE, as Subrogee of Tilletha Hyde, Appellant, v
JEWISH HOME LIFECARE, Respondent. [53 NYS3d 57]—

Order, Supreme Court, Bronx County (Stanley Green, J.),
entered October 27, 2016, which granted the branch of defend-
ant's motion seeking to compel arbitration and to dismiss the
action, unanimously reversed, on the law, without costs, the
motion to compel and to dismiss denied, and the matter
remanded for determination of the branch of defendant's mo-
tion seeking to change venue.

Plaintiff, on behalf of his grandmother, Tilletha Hyde,
entered into an agreement to arbitrate disputes with defend-
ant nursing home, when the grandmother was admitted there
in 2015. The agreement specified arbitration in accordance
with the Commercial Arbitration Rules of the American
Arbitration Association (AAA). After the grandmother fell and
broke her hip, plaintiff attempted to commence an arbitration
by filing a demand for arbitration with the AAA. The AAA then
sent email correspondence to the parties, notifying defendant
of plaintiff's demand and asking the parties to return the form
to indicate their agreement to AAA administration of the
dispute under the Consumer Arbitration Rules. After receiving
no response from defendant by the deadline set in the first let-
ter, the AAA sent a second letter notifying the parties that it
was closing its file on the matter because the required submis-
sion had not been received from defendant, and inviting any
questions.

Plaintiff then commenced this action in Supreme Court. De-
fendant answered, asserting fifteen affirmative defenses (none
related to the arbitration agreement), appeared for and
participated in a preliminary conference, and served a demand
for authorizations, before moving to compel arbitration ap-
proximately four months after the commencement of plaintiff's
action.

Defendant's failure to participate in arbitration after being
notified of plaintiff's demand, followed by its participation in
litigation without raising the issue of arbitration, "manifested
a preference 'clearly inconsistent with [its] later claim that the
parties were obligated to settle their differences by arbitra-
tion' " (*Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272 [1985];
*compare Byrnes v Castaldi*, 72 AD3d 718, 720 [2d Dept 2010]
[no waiver where, among other things, the appellants repeat-
edly raised the issue of arbitration before the assigned justice
and moved to compel arbitration pursuant to the time frame

directed by the court]). Defendant's unequivocal, prior waiver of the right to arbitrate "may not be unilaterally recalled" (*Rusch Factors v Fairview Mfg. Co.*, 34 AD2d 635, 635 [1st Dept 1970]).

The affidavit of defendant's associate general counsel, which was proffered in reply, claimed that he had overlooked the AAA's letters until some unspecified time after the deadline for returning the form had passed. However, he offered no coherent or credible explanation for defendant's continued failure to raise the issue of arbitration, even after he learned of plaintiff's demand for arbitration. As defendant's conduct has caused unnecessary delay and expense in resolving the parties' dispute, it would be unfair to now require plaintiff to return to the arbitration forum.

We have considered defendant's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Renwick, Moskowitz and Kahn, JJ.